BASIN, INC., Appellant,

v.

**RAILROAD COMMISSION OF TEXAS**
**et al., Appellees.**

No. 13245.

Court of Civil Appeals of Texas,
Austin.

March 18, 1981.

Rehearing Denied April 15, 1981.

Timothy J. Herman, Rogers, Hughes & Herman, Austin, for appellant.

Mark White, Atty. Gen., Ralph T. Aldave, Asst. Atty. Gen., Austin, for Railroad Commission of Texas, Mary Joe Carroll, Walter Demond, Clark, Thomas, Winters & Shapiro, Austin, for Western Oil Transp. Co., Inc.

POWERS, Justice.

Appellant, Basin, Inc., appeals from the judgment of the 98th Judicial District Court of Travis County, Texas, which affirmed a final order of the Texas Railroad Commission, appellee. The Commission's order dismissed without prejudice a petition filed in that agency by appellant. We affirm the judgment of the district court.

The transcript filed in this Court reflects that the appellant filed a petition for rate reduction with the Commission, complaining of excessive rates allegedly charged by appellee, Western Oil Transportation Company, Inc. Finding that appellant's petition was defective for want of specificity, the Commission refused to set it for hearing and dismissed it when appellant failed to amend with sufficient specificity.

Appellant sought the district court's judicial review of the agency's order dismissing its petition, as permitted by Section 19 of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a. Appellant contended that upon its filing of a petition, the agency was required by Subchapter E of the Texas Natural Resources Code to set a hearing to "establish and promulgate" a rate for Western's transportation of crude petroleum. Tex.Nat.Res.Code § 111.131, 111.181 (Vernon 1978). The district court affirmed the agency's order of dismissal and filed the conclusion of law that the agency's order was not unconstitutional or in violation of its statutory authority.

The district court's review of the agency order was, in this case, required to be conducted in a manner "other than by trial *de novo*," that is, by a review confined to the "original or certified copy of the entire record of the proceeding" that transpired in the agency. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19; Natural Resources Code, § 111.136. The record of agency proceedings thus became the basis of judicial review, first in the district court and, on appeal, in this Court.

Appellant has not brought before this Court the record of agency proceedings. The absence of that record was forcibly brought to appellant's attention seven months before submission of this case when Western moved to dismiss based upon the absence of such record.

▌ It was appellant's duty, as the appealing party, to bring before this Court the record of agency proceedings before submission of the cause on January 14, 1981. Texas R.Civ.P. 413. On January 28, 1981, appellant filed a motion seeking leave of court to supply the agency record. The motion states no justification or excuse for appellant's delay. Appellant never before sought additional time to bring the record before the Court. Western has made plain its desire to rebrief and reargue the cause in light of the agency record, when and if it

is filed. We believe that Western would be entitled to such and that if the record is filed the appeal will be unduly delayed. We, therefore, deny appellant's motion for leave to bring up the agency record. Texas R.Civ.P. 428.

 Appellant's brief complains of the rulings of the trial court respecting the record of agency proceedings, particularly the Commission's finding that its petition there was insufficient and its final order dismissing that petition. The record and order are not before us so that we may evaluate and determine appellant's contentions on appeal. The agency's final order is presumed to be valid and legal. *City of San Antonio v. Texas Water Commission*, 407 S.W.2d 752 (Tex.1972). The appellant having failed to show error in the agency or in the court below, we must affirm. *Hill v. McDaniel*, 129 S.W.2d 321 (Tex.Civ.App. 1939, writ ref'd).