**Marcus L. HASSELL, Appellant,**

v.

**The BOARD OF NURSE EXAMINERS for the State of Texas, Appellee.**

**No. 14324.**

Court of Appeals of Texas, Austin.

June 26, 1985.

Joseph Saranello, Bruce V. Griffiths, Houston, for appellant.

Jim Mattox, Atty. Gen., Susan Henricks, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

This is an appeal from a judgment of the district court affirming the administrative order of the Texas Board of Nurse Examiners revoking appellant's license to practice in this State. Appellant's revocation was based on "unprofessional conduct" when he "failed to administer medications in a responsible manner." We affirm the judgment of the trial court.

Findings of fact made by the Board were challenged by appellant on the grounds that they were not supported by "substantial evidence" in compliance with the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252–13a (1985).

The Board found, *inter alia*, that appellant, while employed and practicing professional nursing, appropriated without authorization the drug Demerol belonging to the VA Medical Center in Houston.

The Board further found that appellant had "signed out" for Valium and Percodan on six specific occasions without a physician's order. Appellant contends that this finding was not supported by substantial evidence. Appellant's third point is that laboratory reports were erroneously introduced into evidence at the Board hearing. By his fourth point, appellant argues that admission of certain exhibits was error. Appellant's fifth point asserts that the hospital records were inadmissible as confidential under the Medical Practice Act, Tex. Rev.Civ.Stat.Ann. art. 4495b (Supp.1985).

Finally, appellant urges that the Board did not comply with APTRA when it adopted its Rule 217.13, the rule that appellant was found to have violated, for the reason that thirty days did not elapse between the publication date of the revised proposed rule and the date the Board voted to adopt the rule.

Initially, we observe that the administrative record before us is incomplete. Of primary concern is the conspicuous absence of the transcript of the hearing before the Board. Appellant had the burden to bring before this Court the record of the agency proceedings. *Basin, Inc. v. Railroad Commission of Texas,* 613 S.W.2d 800 (Tex.Civ.App.1981, no writ). Appellant's brief, moreover, attacks the findings of the Board as not being based on substantial evidence. Since we have no record of what occurred at the hearing before the Board, other than some miscellaneous exhibits, we are unable to determine the validity of any of appellant's points of error. The agency's final order is presumed to be valid and legal. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex.1966); *General Telephone Company of the Southwest v. Public Utility Commission of Texas,* 628 S.W.2d 832 (Tex. App.1982, writ ref'd n.r.e.). As the appellant failed to point out error in the agency proceedings, or in the court below, we must affirm. *Hill v. McDaniel,* 129 S.W.2d 321 (Tex.Civ.App.1939, writ ref'd).

The judgment of the trial court is affirmed.