Everett v. TEA 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-92-290-CV





JAMES MARSHALL EVERETT,



 
 APPELLANT


vs.





TEXAS EDUCATION AGENCY, DIVISION OF TEACHER RECORDS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 91-12414, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 




 The opinion issued herein by this Court on April 7, 1993, is withdrawn, and the
following is substituted in lieu thereof.

 Appellant James Marshall Everett filed suit in the district court of Travis County
for judicial review of a final administrative decision of the Texas Education Agency ("TEA")
revoking his teaching certificate. The district court rendered judgment sustaining the agency
order. We will affirm that judgment.

 On September 13, 1989, James Everett, a classroom teacher for the Marfa
Independent School District, physically attacked district superintendent Carl Robinson. After
meeting with Robinson in his office concerning an alleged hazing incident, Everett struck
Robinson in the face. After Robinson fell from the initial blow, Everett straddled him and
continued the assault. As a result of the beating, Robinson was left cut, bruised, and bloodied. 
Everett was suspended from the district and ultimately terminated. Following investigation and
hearing, TEA concluded that Everett's conduct made him unworthy to instruct the youth of this
state and revoked his teaching certificate pursuant to Tex. Educ. Code Ann. § 13.046(a)(2) (West
1991). Everett sought judicial review of this decision. The district court upheld the TEA ruling. 
By six points of error, Everett complains of error by the district court.

 Initially, we observe that the record is incomplete. The administrative record,
including the transcription of the TEA hearing, was filed in the district court, but as far as we can
tell from the record was never offered or admitted into evidence as required by section 19(d)(3)
of the Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a,
§ 19(d)(3) (West Supp. 1993) ("APTRA"). The original agency record has been forwarded to this
Court pursuant to a district-court order transmitting all original "papers and exhibits," but, due
to the apparent procedural irregularity in the lower court, has been marked by the clerk of this
Court as "received" rather than "filed."

 In deciding this appeal, we are governed by the procedural requirements of
APTRA. The relevant portion of section 19(d)(3) of APTRA provides that when, as here, the
manner of judicial review is other than by trial de novo, "the party seeking judicial review shall
offer, and the reviewing court shall admit, the agency record into evidence as an exhibit. The
review is conducted by the court sitting without a jury and is confined to the agency record . . . ." 
APTRA § 19(d)(3) (emphasis added). The emphasized portion of section 19(d)(3) was added by
the legislature in 1983. See Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1, 1983 Tex. Gen.
Laws 4952, 4953.

 In Purolator Armored, Inc. v. Railroad Commission, 662 S.W.2d 700 (Tex.
App.Austin 1983, no writ), this Court, in circumstances similar to those in the present case, held
that an earlier version of section 19(d)(3) permitted us to file and consider the agency record, even
though it had not been admitted into evidence in the district court. The Purolator opinion,
however, expressly stated that we were not considering the effect of the 1983 amendment to
section 19(d)(3) requiring that the agency record be admitted into evidence as an exhibit. Id. at
702 n.3. Thus, we do not view Purolator as controlling here.

 In order to maintain an action that is derived purely from statutory law, all statutory
prerequisites "are mandatory and exclusive, and must be complied with in all respects." Texas
Catastrophe Prop. Ins. Ass'n v. Council of Co-owners of Saida II Towers Condo. Ass'n, 706
S.W.2d 644, 646 (Tex. 1986). The procedure for judicial review of an agency order is, of
course, governed by APTRA. Regarding the 1983 amendment to section 19(d)(3), this Court has
since stated: "Because the Legislature in § 19(d)(3) has prescribed the procedure for bringing
forward the administrative record to the reviewing courts, that procedure must be followed." 
Snead v. Texas State Bd. of Medical Examiners, 753 S.W.2d 809, 810 n.2 (Tex. App.Austin
1988, no writ) (citing Saida). (1) The amendment is, we believe, dispositive of the present case. 
Thus, even though the original administrative record has been forwarded to this Court, the failure
to have it admitted into evidence as an exhibit in the trial court prevents it from being a proper
part of the appellate record before us.

 Everett cites Railroad Commission v. Bishop Petroleum, Inc., 736 S.W.2d 724
(Tex. App.Waco 1987), rev'd in part on other grounds, 751 S.W.2d 485 (Tex. 1988), for the
proposition that we should treat the agency record as if it had been admitted into evidence,
because TEA did not object to the failure to have it admitted. In Bishop Petroleum, however, the
court held only that, since the parties had referred to the agency record as if it had been
introduced into evidence, the Railroad Commission could not later attack the judgment on that
basis. In the present case, Everett, not TEA, is attacking the judgment, and rule 50 of the Rules
of Appellate Procedure places the burden of presenting a sufficient record to show reversible error
on the party seeking review. We conclude that the Bishop Petroleum rationale does not permit
consideration of the agency record in the circumstances of the present case.

 On motion for rehearing from our original opinion, Everett asserts that, even
though the administrative record was not introduced into evidence at the hearing on the merits,
it is properly before us because it was introduced at an earlier hearing on Everett's application for
temporary injunction. Everett has attached to his motion for rehearing a copy of the statement
of facts from the temporary injunction hearing and, from this copy, it appears that the
administrative record was offered and admitted into evidence at that hearing. This circumstance,
however, is of no assistance to Everett. Evidence presented at a prior hearing regarding a request
for temporary injunction or other temporary relief cannot be considered in a subsequent trial
unless it is admitted into evidence at the subsequent trial. May v. May, 829 S.W.2d 373, 376
(Tex. App.Corpus Christi 1992, writ denied); Continental Oil Co. v. P.P.G. Indus., 504 S.W.2d
616, 622 (Tex. Civ. App.Houston [1st Dist.] 1973, writ ref'd n.r.e.); see also Traweek v.
Larkin, 708 S.W.2d 942, 946-47 (Tex. App.Tyler 1986, writ ref'd n.r.e.); Muller v.
Leyendecker, 697 S.W.2d 668, 675 (Tex. App.San Antonio 1985, writ ref'd n.r.e.). 
Accordingly, the admission of the agency record into evidence at the earlier hearing does not
make it part of the appellate record in the present cause. We will, therefore, address the
complaints raised by Everett without considering the administrative record.

 In point of error two, Everett asserts that the trial court erred in affirming TEA's
finding that there was "no evidence" to support Everett's worthiness to instruct the youth of this
state. In points of error three and six, Everett complains that under the circumstances of this case,
revocation of his teaching certificate was too harsh a penalty. In point of error four, Everett
contends the district court erred in affirming TEA's findings of substantial evidence of his
unfitness to teach. In point of error five, Everett argues that TEA's description of the attack in
its order illustrates arbitrary and capricious decision-making.

 As appellant, Everett has the burden of presenting to this Court a sufficient record
to show error requiring reversal. See Tex. R. App. P. 50(d). In addition, TEA's order is
presumed to be valid and legal, and the burden is on Everett to show otherwise. Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); City of
San Antonio v. Texas Water Comm'n, 407 S.W.2d 752, 758 (Tex. 1966). Because the
administrative record is not properly before us, no error is shown. See Hassell v. Board of Nurse
Examiners, 695 S.W.2d 284, 285 (Tex. App.--Austin 1985, no writ); Basin, Inc. v. Railroad Comm'n, 613 S.W.2d 800, 802 (Tex. Civ. App.Austin 1981, no writ); see also
Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968); Fort Bend County v. Texas Parks
& Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex. App.Austin 1991, no writ). Points of error
two through six are overruled.

 Finally, in point of error one, Everett claims the district court erred in failing to
grant a stay of the TEA order or set a supersedeas bond pending review of the license revocation
in district court. In support of this argument, Everett relies on rule 47 of the Rules of Appellate
Procedure, which provides that a judgment debtor may suspend the execution of a judgment by
filing "a good and sufficient bond." Absence of the agency record aside, Everett's reliance on
rule 47 is misplaced. As rule 1 of the Rules of Appellate Procedure makes clear, those rules
apply only to situations of genuine appellate review. Everett's suit in district court, however, was
technically not an "appeal," but rather an original suit for judicial review pursuant to APTRA. 
Section 19(b)(3) of APTRA specifically provides that seeking judicial review "does not affect the
enforcement of an agency decision" under substantial-evidence review. Without addressing the
scope of a district court's discretionary power to stay enforcement of an agency order pending
determination of a suit for judicial review, we conclude that the district court in the present case
was under no obligation to stay the TEA order. Point of error one is overruled.

 We affirm the judgment of the district court.





 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Publish]
1.   But see Justice Powers's dissent in Commerce Indep. Sch. Dist. v. Texas Education
Agency, No. 3-92-596-CV (Tex. AppAustin 1993, writ requested).