COMMERCE INDEPENDENT SCHOOL
DISTRICT, Appellant,

v.

TEXAS EDUCATION AGENCY and
Arlene Riddle, Appellees.

No. 3–92–596–CV.

Court of Appeals of Texas,
Austin.

Aug. 11, 1993.

Rehearing Overruled Sept. 15, 1993.

Robert E. Luna, Michael L. Atchley, Law Offices of Earl Luna, P.C., Dallas, for appellant.

Carol Bertsch, Larry R. Daves & Associates, San Antonio, for Arlene Riddle.

Dan Morales, Atty. Gen., Christopher Maczka, Asst. Atty. Gen., Austin, for Texas Educ. Agency.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant Commerce Independent School District ("CISD") sought judicial review in the district court of Travis County of an

order of the Texas Education Agency ("TEA") awarding recuperative leave to Arlene Riddle, a teacher with CISD. The district court affirmed TEA's order. We will affirm the judgment of the district court.

## BACKGROUND

Section 13.904(f) of the Education Code affords recuperative leave to a school district employee who is physically assaulted during the performance of regular duties; CISD has adopted this policy locally. Tex. Educ.Code Ann. § 13.904(f) (West Supp. 1993). On May 22, 1985, Riddle was monitoring student conduct in a school hallway where a female student, who had been in a fight, was being forcibly led to the main office. When the errant girl broke away from her initial escorts, two male students attempted to restrain her. The pugnacious girl, anxious to return to the fray, flung the large boys aside. Each lost his balance, fell into the other and into a third boy who, in domino fashion, knocked down Riddle and landed on top of her. Riddle suffered back injuries that have precluded her return to the classroom.

CISD denied Riddle's request for recuperative leave, concluding that her injuries were not the result of a "physical assault" as contemplated by the statute. Riddle appealed the CISD's action to TEA, which reversed the decision and ordered CISD to grant Riddle recuperative leave. CISD sought judicial review of TEA's order. From the district court's judgment affirming the agency decision, CISD brings two points of error, challenging the trial court's definition of assault and attacking the factual sufficiency of the evidence to support a finding of assault as defined by the Penal Code.

## AGENCY RECORD ON APPEAL

■ We do not reach the merits of appellant's points of error because CISD has failed to bring forward the agency record for review. In seeking judicial review of an agency decision, a party must follow the procedural requirements of the Administrative Procedure and Texas Regis-

ter Act. Tex.Rev.Civ.Stat.Ann. art. 6252-13a (West Supp.1993) ("APTRA"). The legislature amended APTRA section 19(d)(3) in 1983 to provide that a party seeking judicial review, other than by trial de novo, "shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit." See Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1, 1983 Tex.Gen.Laws 4952, 4953. Although we consider this reference to "evidence" a procedural term of art, in that a reviewing court does not receive *evidence* in conducting its substantial-evidence review of agency action unless there are allegations of procedural irregularities, *see* APTRA § 19(d)(3), we presume the legislature intended to encourage the appellate practice of forwarding the agency record to this Court as part of the statement of facts. *See Purolator Armored, Inc. v. Railroad Comm'n*, 662 S.W.2d 700, 709 (Tex.App.— Austin 1983, no writ) (Shannon, J., dissenting); *see also* Bob E. Shannon & James B. Ewbank, II, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems*, 33 Baylor L.Rev. 393, 448-49 (1981). APTRA section 20 provides that appeals from judgments of the district court in administrative law cases are to be taken "in the manner provided for in civil actions generally." Because the agency record is to be considered an exhibit admitted into evidence like exhibits in other civil cases, the agency record should be forwarded to the appellate court as part of the statement of facts. *See 3 Texas Civil Practice* § 15.2, at 322-23 (Diane M. Allen et al. eds., 1992 ed.).

■ We have previously held that an agency record is not properly presented for this Court's review when the appellant does not timely file a statement of facts in an appeal from a suit for judicial review of the agency order. *See Snead v. Texas State Bd. of Medical Examiners*, 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no writ); *see also Everett v. Texas Educ. Agency*, 860 S.W.2d 700, 702 (Tex.App.—Austin 1993, n.w.h.) (holding that, even where original administrative record is forwarded to this Court, failure to have record admit-

ted into evidence as exhibit before trial court prevents it from being proper part of appellate record). CISD faces the same impediment to its appeal. The final judgment of the trial court in this cause was signed on October 12, 1992. The transcript and statement of facts were due to be filed with this court sixty days later, on December 11, 1992. *See* Tex.R.App.P. 54(a). The transcript and first supplemental transcript were timely filed, but not the statement of facts. A motion for extension of time to file the statement of facts must be filed within fifteen days of the date the record is due. Tex.R.App.P. 54(c). On January 22, 1993, forty-two days after it was due, CISD moved to file the statement of facts. We overruled the motion, as we have no authority to consider a late-filed statement of facts. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861–62 (Tex. 1982).[1]

■ On January 22, 1993, CISD obtained a district-court order directing the district clerk to transmit the original administrative record to this court. We note that the district judge who signed the order was not the same judge who heard this suit and that the order was signed after the district court had lost its plenary jurisdiction in this matter. More importantly, as we held in *Snead*, an untimely order to transmit the agency record is without effect. 753 S.W.2d at 810.

■ CISD argues that the following language in the trial court's final judgment satisfies the procedural requirements of section 19(d)(3): "After considering the administrative record, pleadings, briefs, and oral arguments, the District Court concludes that the June 1, 1988 Order of the Commissioner of Education should be affirmed." This language does not sufficiently prove that the agency record was offered and admitted into evidence, as

would a statement of facts. Nor does such language in the judgment constitute a mechanism for forwarding the agency record to the appellate court in the absence of a timely filed statement of facts.

TEA's order is presumed to be valid and legal. *See Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex.1984); *City of San Antonio v. Texas Water Comm'n*, 407 S.W.2d 752 (Tex.1966). As the appellant, CISD has the burden of presenting to this Court a sufficient record to show error requiring reversal. *See* Tex.R.App.P. 50(d). Because the administrative record is not properly before us, no error is shown. *See Everett*, slip op. at 4, —— S.W.2d at ——; *Hassell v. Board of Nurse Examiners*, 695 S.W.2d 284, 285 (Tex.App.—Austin 1985, no writ); *Basin, Inc. v. Railroad Comm'n*, 613 S.W.2d 800, 802 (Tex.Civ. App.—Austin 1981, no writ); *see also Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968); *Fort Bend County v. Texas Parks & Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex.App.—Austin 1991, no writ).

Accordingly, in the absence of any record from which we can determine the merits of CISD's appeal, we affirm the judgment of the district court without reaching CISD's points of error.

POWERS, Justice, dissenting.

I believe the legislature never intended that a statement of facts should constitute the exclusive method for bringing the agency record to this Court for appellate review under section 20 of the Texas Administrative Procedure and Texas Register Act (APTRA). Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 20 (West Supp.1993). I therefore dissent from this Court's judgment that affirms the district-court order in the absence of the agency record.

---

1. Apparently on its own motion, without written request from either party, the trial court filed conclusions of law in this cause on December 4, 1992. CISD argues that this action extended the time for filing the statement of facts by an additional sixty days. *See* Tex.R.App.P. 54(a). We reject this argument; rule 54(a) allows for

an additional sixty days *when a party has timely filed a request for findings of fact and conclusions of law.* Given CISD's failure to file such a timely request, *see* Tex.R.Civ.P. 296, the judge's sua sponte filing of conclusions of law did not extend CISD's deadline for filing the transcript and statement of facts with this Court.

The first sentence of APTRA section 19(d)(3) pertains to suits for substantial-evidence review of the final orders issued by administrative agencies in contested cases. The sentence declares that "the party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit." In *Snead v. State Board of Medical Examiners*, 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no writ), a panel of this Court held that this sentence had, by necessary implication, the legal effect of making a statement of facts the exclusive method for bringing the agency record to an appellate court for appellate review under section 20 of APTRA. The majority choose to follow *Snead*. I believe *Snead* is quite erroneous and should be overruled.

## APTRA AND THE 1961 MODEL ACT

The legislature modeled APTRA after the Model State Administrative Procedure Act (1961) composed by the National Conference of Commissioners on Uniform State Laws. Dudley D. McCalla, *The Texas Administrative Procedure and Texas Register Act*, 28 Baylor L.Rev. 445 (1976); *see* Model State Administrative Procedure Act (1961), 15 U.L.A. §§ 1–19 (1990). Section 19 of APTRA governs the judicial review of final orders issued in contested cases; the corresponding provision of the 1961 Model Act is section 15. In almost the same language, both provide that the reviewing court shall confine its review to the agency record except for unusual circumstances not material here.[1] APTRA § 19(d)(3); 1961 Model Act § 15(f). The scope of the court's review is limited to questions of law: Does the agency record demonstrate that the plaintiff suffered prejudice to a substantial right by reason of an error of law coming within the six classes of legal error listed in section 19(e)(1)–(6) of APTRA and section 15(g)(1)–(6) of the 1961 Model Act?

Concerning the method for physically bringing the agency record to the reviewing court, the 1961 Model Act and the original enactment of APTRA prescribed the same method in identical words: Within a specified time after receiving service of citation, the agency is obliged to "transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review." Administrative Procedure and Texas Register Act, 64th Leg., R.S., ch. 61, § 19(d), 1975 Gen.Laws 136, 147; 1961 Model Act § 15(d). This provision for simple transmission of the record to the trial court was merely the common-law practice, in statutory form, when a court reviewed by writ of certiorari the legality of proceedings conducted in a lower court or administrative body. *See City of San Angelo v. Boehme Bakery*, 190 S.W.2d 67, 69 (Tex.1945).

The 1961 Model Act and APTRA have never purported expressly to fix the method by which the agency record is transmitted from the trial court to an *appellate* court. An issue arose in that regard in 1983. *See Purolator Armored v. Railroad Comm'n*, 662 S.W.2d 700 (Tex.App.—Austin 1983, no writ).

Purolator sued for judicial review of the agency's final order and the agency duly transmitted its record to the trial court. The record was filed with the clerk of the court although there was no legal requirement that it be so filed. On appeal, the record was transmitted to this Court as an original paper, by order of the trial judge

---

1. Section 19 of APTRA differs significantly from § 15 of the 1961 Model Act in one particular: the former provides for judicial review by trial *de novo* as well as substantial-evidence review, while the latter deals exclusively with substantial-evidence review. *See generally* Robert W. Hamilton & J.J. Jewitt, III, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review*, 54 Tex.L.Rev. 285, 293–310 (1976). In the present case, we deal exclusively with substantial-evidence review. In such cases, there are no material differences between APTRA and the 1961 Model Act. The text of my dissent should be understood as referring only to substantial-evidence review.

The unusual circumstances, in which the trial court may receive evidence in the course of a substantial-evidence review, are those referred to in the last sentence of APTRA section 19(d)(3): "[T]he court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record."

included in the transcript, pursuant to Texas Rules of Civil Procedure 379 and 428. Tex.R.Civ.P. 379, 38 Tex.B.J. 830 (1975, repealed 1986); Tex.R.Civ.P. 428, 43 Tex. B.J. 790 (1980, repealed 1986); *see now* Tex.R.App.P. 51(d), 55.

The agency moved that we dismiss the appeal because the agency record *had not been introduced in evidence* in the district court and brought to this Court by means of a statement of facts. *Purolator,* 662 S.W.2d at 701. In a lengthy analysis, we stated why the receipt of evidence was not contemplated in a substantial-evidence review under APTRA and why Texas Rule of Civil Procedure 379 furnished a proper and economical way to bring the filed agency record to this Court. *Id.* at 702–05. Because APTRA did not require introduction of the record in "evidence" in the trial court and did not prescribe any particular method for bringing the agency record to this Court in appeals taken under APTRA section 20, we held the agency record did not have to be introduced in "evidence" and that it might be brought to this Court under Rule 379, having been filed in the cause in the trial court. *Id.* at 706.

I should emphasize that before 1983 APTRA did not require either that the agency record be filed in the district court *or* that it be introduced in evidence. Moreover, twenty-nine jurisdictions adopted the 1961 Model Act, and the annotations to that Act do not indicate that the trial or appellate courts in those jurisdictions have had any difficulty in reviewing agency orders merely upon transmission of the agency record to the reviewing court, whether trial or appellate. *See, e.g., Maurer v. Weaver,* 328 N.W.2d 747, 749–50 (Neb.1982) (introduction of agency record in evidence not a prerequisite to judicial review of agency decision). Those courts have contrived to perform on a regular basis a substantial-evidence review of agency decisions *without* the agency record having been filed or introduced in "evidence" as an "exhibit." In contrast, Texas courts and practitioners evidently had difficulty in that regard.

## THE 1983 AMENDMENTS OF APTRA

"Considerable confusion has resulted from the manner in which the administrative record becomes a part of the record in the trial court for purposes of review by appellate courts." Bob E. Shannon & James B. Ewbank, II, *The Texas Administrative Procedure and Texas Register Act 1976—Selected Problems,* 33 Baylor L.Rev. 393, 448 (1981). *Noting that nothing in APTRA expressly required that the agency record be filed with the clerk of the reviewing court,* the authors recommended that the agency record be introduced in "evidence" as an "exhibit," thereby assuring the appellate court that the record was brought to the attention of the trial court and furnishing simultaneously an inexpensive method for bringing the record to the appellate court via a statement of facts. *Id.* at 449.

In an apparent effort to alleviate the "confusion," the legislature amended APTRA in 1983. Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1, 1983 Tex.Gen.Laws 4952, 4952–53. The amendment added a new clause to APTRA section 19(d)(1), requiring that "such agency record shall be filed with the clerk of the court" after transmission from the agency to the trial court. The amendment also added a new first sentence to APTRA section 19(d)(3): "[T]he party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit." *Id.* By this 1983 amendment, APTRA sections 19(d)(1) and 19(d)(3) were brought to their present form as the legislature made *doubly* sure that the agency record would be brought to the trial court's attention and transmitted to the appellate court by an inexpensive method.

In *Snead,* a panel of this Court declined to review an agency order when Snead failed to file a timely statement of facts showing that the agency record had been introduced in "evidence," even though the agency record had been filed in the appellate court after a trial-court order directed transmission of the record to the appellate court. The record was not filed in the appellate court, however, until after expira-

tion of the time allowed for filing the statement of facts; and the belated filing was therefore "without effect in the face of art. 6252–13a section 19(d)(3)." *Snead,* 753 S.W.2d at 810. *Snead* explains this holding in a footnote: The 1983 amendment, adding a new first sentence to APTRA section 19(d)(3) to require introduction of the agency record in "evidence," had "prescribed *the* procedure for *bringing forward* the administrative record to the reviewing courts, [and] that procedure must be followed." *Id.* n. 2. (emphasis added). The definite article "the" is used evidently as a function word to indicate the exclusive character of the procedure indicated.

It is abundantly clear, however, that the 1983 amendment of APTRA section 19(d)(3) does *not* "prescribe the procedure for bringing forward the administrative record to the reviewing courts." *That* procedure has been prescribed in APTRA section 19(d)(1) since the original enactment of APTRA in 1975: "[T]he agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review." *Snead's* holding actually pertains to an issue *not* dealt with expressly in APTRA: How must the agency record be brought to the *appellate* court from the *trial* court?

*Snead* apparently reasons that the 1983 amendment to APTRA section 19(d)(3), requiring introduction of the agency record in "evidence" as an "exhibit," *implies* that the agency record, like all "exhibits," may be brought to the appellate court by means of a statement of facts.[2] So far, so good. But *Snead* attributes a *second* implication to the 1983 amendment of APTRA section 19(d)(3): It implies that the statement of facts shall be the *exclusive* vehicle for bringing the agency record to the appellate court. *Snead* does not attempt to justify in any way this second implication it imputes to the 1983 amendment of APTRA section 19(d)(3). In truth, nothing in AP-TRA justifies this second implication.

*Snead* dismisses *Purolator* as irrelevant after the 1983 amendment to APTRA section 19(d)(3) "spelling out *the* procedure for bringing the agency record before the reviewing courts." *Snead,* 753 S.W.2d at 810 n. 2. (emphasis added). But *Snead* is more remarkable for what it fails to say: *Snead* omits entirely to mention that the *same* 1983 amendment *also* added to AP-TRA section 19(d)(1) a new *express* requirement that the agency record be *filed* with the clerk, thus validating the *Purolator* rationale that the agency record may be brought to the appellate court by means of the appellate transcript or as an original

**2.** *Snead* was able to invoke on one basis alone the rules of appellate procedure that pertain to the timely filing of a statement of facts as a prerequisite to appellate consideration of the agency record—a silent assumption that the first sentence of APTRA § 19(d)(3), added in 1983, has the legal effect of converting the agency record into *literal* evidence. It is self-evident, however, that the agency record is *not* literal evidence and the legislature used the words "evidence" and "exhibit" in the *figurative* sense only when it added the first sentence to APTRA § 19(d)(3).

The legislature presumably knew that literal evidence denotes testimony, writings, and material objects admitted by a tribunal to prove the existence or nonexistence of a fact. An agency record cannot serve that function because, in a substantial-evidence review, the facts have been found by the agency and the scope of review allowed the district court is limited to questions of law. APTRA § 19(e). Consequently, one must conclude the legislature intended that the words "evidence" and "exhibit," as used in AP-TRA § 19(d)(3), should be understood in a figurative sense alone. The two words are, specifically, metaphors, denoting a legislative *analogy* to literal evidence and literal exhibits.

*Snead* therefore errs in silently equating the agency record with the literal evidence and exhibits spoken of in the rules of appellate procedure dealing with the statement of facts. When the legislature employs a statutory expression in a figurative sense, a court must adhere to that sense; it is error to impute to the statutory expression a literal sense, for it violates the legislature's intention. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Carroll,* 106 S.W.2d 757, 758 (Tex.Civ.App.—Fort Worth 1937, writ dism'd). In *Carroll,* a statute declared that all watercourses in the state were "navigable" as a matter of law if they measured a specified average width from their mouth. The court held that the statute, enacted to protect the state's title to the watercourses, did not control the meaning of the word "navigable" as used in an insurance policy that pertained to a loss sustained by reason of rising waters that were "navigable." The court noted that the statute did "not undertake to accomplish the impossible and to convert nonnavigable streams *actually* into navigable waters." *Id.* (emphasis added).

paper filed in the cause. In view of *this* part of the 1983 amending act, it is difficult to imagine *any* valid basis whatever for *Snead's implied* holding that the statement of facts constitutes the *exclusive* vehicle for bringing the agency record to the appellate court. *See* Tex.R.App.P. 59.

## A STATEMENT OF FACTS IS NOT "NECESSARY TO THE APPEAL"

Before *Snead* imputed to APTRA section 19(d)(3) an implication making the statement of facts the *exclusive* method for bringing the agency record to an appellate court, *Snead* was logically bound to fit that implication into the general rules pertaining to the record on appeal. *Snead* made no attempt in that regard. I suggest the attempt would have been futile in all events.

Texas Rule of Appellate Procedure 50(a) provides that "[t]he record on appeal shall consist of a transcript and, *where necessary to the appeal,* a statement of facts." (emphasis added).

In civil actions generally, a statement of facts is "necessary to the appeal" in certain circumstances only—*when the trial-court judgment rests upon evidence received by the trial court, from which the court has found facts that dictated its judgment, and the appellant challenges the factual basis for that judgment.* In appeals of that kind, we must affirm the trial-court judgment in the absence of a timely filed statement of facts. We do so because of a rule of law: The absence of a timely filed statement of facts raises a presumption that the evidence adduced in the trial court justifies the facts found by the trial court and its resulting judgment. *Murray v. Devco, Ltd.,* 731 S.W.2d 555, 557 (Tex. 1987). The limits of this presumption are self-evident.

When "[n]o issues of fact were raised at trial," the presumption does not arise to defeat appellate review without a statement of facts. *Segrest v. Segrest,* 649 S.W.2d 610, 611 (Tex.), *cert. denied,* 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983) (statement of facts required only for appellate review of issues requiring reference to the evidence as opposed to questions of law). This is the case, for example, in the appellate review of summary judgments, rendered under Texas Rule of Civil Procedure 166a, when the judgment rests solely upon questions of law determinable from documents filed in the trial court. *Box v. Bates,* 346 S.W.2d 317, 318 (Tex.1961) ("[W]here there is no indication that evidence was introduced before and considered by the trial court which is not brought forward in the record, no presumptions are to be applied in favor of a summary judgment on the basis of the absence of a Statement of Facts."). The same rule applies in any other kind of proceeding when there is no indication the trial court received and considered evidence in arriving at its judgment. *See, e.g., Thompson v. Haberman,* 739 S.W.2d 71, 72 (Tex. App.—San Antonio 1987, no writ) (petition for mandamus determined without a statement of facts when record did not show receipt of evidence). And even when the presumption may preclude appellate review of appellant's assignments of error that depend upon the evidence, the appellate court may nevertheless review those assignments that do not, such as those relating to the pleadings and rulings thereon, irreconcilable conflicts in the verdict, or fundamental error. *See Collins v. Williamson Printing Corp.,* 746 S.W.2d 489, 491 (Tex.App.—Dallas 1988, no writ).

In the present appeal, as in all appeals taken under APTRA section 20 in cases of substantial-evidence review, it is plain that "[n]o issues of fact were raised at trial," in the words of *Segrest.* Issues of fact lay entirely outside the scope of review allowed the reviewing court. APTRA § 19(d), (e). Only the legal errors listed in APTRA section 19(e)(1)–(6) may be raised in the trial court and on appeal in this Court. The scope of judicial review is the same in either court. Consequently a statement of facts cannot be viewed as "necessary to the appeal" because the only legally permissible appellate complaints concern questions of law exclusively.

## PROPER LEGAL EFFECT OF APTRA SECTION 19(d)(3)

I should, in conclusion, give my view as to the legal effect proper to be assigned the first sentence of APTRA section 19(d)(3). After all, the sentence was intended to have some legal effect, even if it is not the exclusive and preclusive effect attributed to the sentence in *Snead.*

There can be little quarrel about the meaning of the sentence as opposed to its legal consequences. The first sentence of APTRA section 19(d)(3) means that the plaintiff must offer the agency record in "evidence" and the trial court must admit the record as an "exhibit." When one examines this requirement in context, several basic propositions reveal themselves. I think there can be no genuine dispute regarding them. They are as follows:

1. The legislature did not specify *any* judicial consequences should a plaintiff omit to offer the agency record in "evidence" or should the trial court fail to declare the record "admitted." The legislature might have specified the consequences of disobedience, as it did in other parts of APTRA, but it did not. By necessary implication, the legislature intended there should be no judicial consequences at all or it left them to the reviewing court as a matter of judicial policy.

2. As a matter of law, introducing the agency record in "evidence" as an "exhibit" serves no *substantive* purpose. The legislature intended rather that the first sentence of APTRA section 19(d)(3) should serve the purpose of promoting the proper, orderly, and prompt conduct of business in suits for substantial-evidence review. That is to say, the *acts* prescribed in the first sentence are not of the essence of the thing to be done, which is the intellectual task of judicial review under APTRA section 19(e)(1)–(6).

3. A plaintiff's failure to offer the agency record in "evidence" as an "exhibit" occasions no apparent or actual injury to anyone, since the record has become a *court* record by virtue of being filed with the clerk of the court as required by APTRA section 19(d)(1). The court knows without proof the contents of the agency record. *See Olivares v. Garcia,* 127 Tex. 112, 91 S.W.2d 1059, 1063 (Tex.1936).

4. Section 19(d)(3) may produce an unreasonable result if the statute has the legal effect assigned in *Snead.* Nothing in APTRA or logic forbids the trial court's rendering judgment once the agency record is filed in the trial court; the trial court knows without proof the contents of that record and the court may determine only questions of law. However, under the majority's view, if the trial court reverses the agency order for an error of law, the agency may not obtain appellate review if the plaintiff—the only party with the duty to do so—fails to introduce the agency record in "evidence."

In summary, these observations show that the first sentence of APTRA section 19(d)(3) carries *every single indicator* that the legislature intended that the procedure set out in that sentence be directory, and not mandatory, notwithstanding the verb "shall" that appears therein. *See Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (Tex.1956); *see also* 3 Norman J. Singer, *Statutes and Statutory Construction* § 57.02, at 4 (5th ed. 1992).

## CONCLUSIONS

I would therefore hold as follows:

1. In APTRA sections 19(d)(1) and 19(d)(3), the legislature imposed requirements that are directory and not mandatory insofar as they direct that the agency record be filed with the clerk of the court and that it be introduced in "evidence" as an "exhibit." Their character must not be confused with the *jurisdictional* requirements specified for reviewing courts in a statute that creates a cause of action and remedy unknown to the common law. *Texas C.P.I.A. v. Council, Saida II,* 706 S.W.2d 644, 646 (Tex.1986) (joinder of agency as defendant within time specified by statute); *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364 (Tex.1933) (mandatory venue prescribed by statute); *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084 (Tex.1926) (mandatory venue prescribed by statute); *see generally Jago v. Indemnity Ins. Co.,* 120 Tex. 204, 36

S.W.2d 980, 982 (Tex.1931). One may not view as jurisdictional the requirement of APTRA section 19(d)(1) because the agency might then prevent judicial review of its final orders merely by withholding its record of proceedings from the reviewing court. And it is difficult to conceive that the legislature intended APTRA section 19(d)(3) to be jurisdictional because it pertains only to the form or manner of conducting the suit and not to the power of the court to entertain the suit. *See Byke v. City of Corpus Christi,* 569 S.W.2d 927, 931 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.)

2. The terms of APTRA do not expressly direct that the agency record be brought from a trial court to this Court by any particular method; certainly no provision of APTRA purports to declare or imply that any particular method shall be the *exclusive* method for bringing the agency record to this Court.

3. The rules of appellate procedure do not purport to establish any particular method by which the agency records shall be brought from a trial court to this Court. Texas Rule of Appellate Procedure 50 does provide, however, that the record on appeal shall consist of a transcript and, if necessary to the appeal, a statement of facts.

4. Therefore, an agency record filed in the trial court may be brought to this Court as part of the transcript or as an original paper, under Texas Rules of Appellate Procedure 51 and 55, on the initiative of the trial court or this Court;[3] *or* an

agency record, if introduced in "evidence" as an "exhibit," may be brought to this Court accompanied by a statement of facts under Rule 53.

In the present appeal, the transcript contains an uncontradicted statement by the Texas Education Agency that it had filed in the trial court a certified copy of the agency record in compliance with APTRA section 19(d)(1). There appears no legal or equitable barrier to our reviewing the agency final order on its merits. I would therefore set aside the submission and order that the agency record be transmitted to this Court for appellate review on resubmission without oral argument.

**3.** Texas Rule of Appellate Procedure 51(c) directs the clerk of the trial court to prepare and transmit to the appellate court a transcript. Rule 51(b) authorizes "any party [to] file with the clerk a written designation specifying matter for inclusion in the transcript." Rule 51(d) empowers the trial court to send "original papers or exhibits" to the appellate court in lieu of copies. The same rule provides that "[t]he appellate court on its own initiative may direct the clerk of the [trial court] to send to it any original paper or exhibit for its inspection."

  Rule 55(b) provides for amendment of the transcript *before* submission of the cause on appeal when "anything material to either party is omitted from the transcript or statement of facts." The parties may make the amendment by stipulation; the trial court may order the amendment after notice and hearing; or "the

appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court.... The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal."

  Rule 55(c) provides for amendment of the transcript *after* submission of the cause on appeal due to defects appearing at or after submission. The rule provides in part as follows:

    Should it be apparent during the submission or afterwards that the case has not been properly prepared as shown in the transcript, ... [the appellate court] may decline to receive the submission; or, if received, may set it aside and make such orders as may be necessary to secure a more satisfactory submission of the case....