John Mark FETCHIN, Appellant,

v.

Lionel MENO, in his Capacity as Commissioner of Education; Central Education Agency; and Lewisville Independent School District, Appellees.

No. 03–94–00680–CV.

Court of Appeals of Texas,
Austin.

July 12, 1995.

Daniel A. Ortiz, Ortiz & Robinson, L.L.P., Arlington, for appellant.

Dan Morales, Attorney General, George Warner, Assistant Attorney General, General Counsel Division, Austin, for Lionel Meno & Central Educ. Agcy.

Earl Luna, Law Offices of Earl Luna, P.C., Dallas, for Lewisville ISD.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

Appellee Lewisville Independent School District ("LISD") terminated appellant John Mark Fetchin at the end of the 1990–91 school year. Fetchin appealed his termination to appellee Lionel Meno, the Commissioner of Education, who upheld the decision of LISD. Fetchin sought judicial review of the commissioner's decision in the district court of Travis County. The district court affirmed. Fetchin now appeals the trial court's decision on a substantial evidence standard of review; however, he did not file a timely statement of facts with the clerk of this Court. Because of this failure, we will affirm the judgment of the district court.

## BACKGROUND

During the 1990–91 school year, Fetchin's principal, Cathy Bryce, received several complaints from parents about Fetchin's teaching

methods. Additionally, Fetchin received a less than average teaching evaluation. As a result, a professional growth plan was prepared for him in November of 1990. This plan offered suggestions on how to improve his classroom performance. Approximately three and one-half months after the implementation of the plan, LISD's superintendent recommended that Fetchin be terminated. LISD's Board of Trustees accepted that recommendation, and on appeal, the Commissioner of Education affirmed the termination. Fetchin then sought judicial review in district court, which affirmed the commissioner's decision.

By one point of error, Fetchin challenges the factual sufficiency of the evidence that supports the commissioner's findings. Specifically, Fetchin challenges the findings that LISD: (1) gave Fetchin adequate notice and opportunity to correct the deficiencies in his teaching performance; (2) gave Fetchin meaningful assistance in his efforts to correct those deficiencies; (3) properly found that Fetchin "repeatedly" violated board policies and directives; and (4) gave Fetchin due process of law.

■ The trial court signed its final judgment on July 25, 1994. Fetchin timely filed a motion for new trial on August 24, 1994. As a result, Fetchin was required to file the transcript and statement of facts in this Court by November 22, 1994. Tex.R.App.P. 54(a). Any motion to extend time to file a transcript or statement of facts was due by December 7, 1994. Tex.R.App.P. 54(c). Fetchin timely filed a transcript; however, he did not file a statement of facts before the November 22 due date. On May 18, 1995, Fetchin filed a motion for an extension of time to file a statement of facts or, in the alternative, to file a supplemental transcript. We overrule that motion.[1]

## DISCUSSION

■ Because Fetchin challenges the sufficiency of the evidence supporting the commissioner's decision, Fetchin must show that the decision was not supported by substantial evidence in the record.[2] Fetchin, however, has failed to properly bring the agency record before this Court; therefore, we cannot review it.

■ To seek judicial review of an agency order, a party must follow the procedural requirements of the Administrative Procedure Act ("APA"). Tex. Gov't Code Ann. §§ 2001.171–.178 (West 1995). The APA states that a party seeking review under a substantial evidence standard "shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." *Id.* § 2001.175(a), (d). A party can appeal from a district court decision in an administrative law case "in the manner provided for in civil actions generally." *Id.* § 2001.901(a). "Because the agency record is to be considered an exhibit admitted into evidence like exhibits in other civil cases, the agency record should be forwarded to the appellate court as part of the statement of facts." *Commerce Indep. Sch. Dist. v. Texas Educ. Agency*, 859 S.W.2d 627, 628 (Tex.App.— Austin 1993, writ dism'd) (citing 3 *Texas Civil Practice* § 15.2, at 322–23 (Diane M. Allen et al. eds., 1992 ed.)).

■ This Court previously has held that in cases dealing with *unpublished* agency records, a statement of facts is the exclusive

---

1. A party can be granted an extension of time to file a statement of facts; however, the party must move for the extension within fifteen days of the due date for filing the statement of facts. Tex. R.App.P. 54(c). This Court has no authority to consider a late-filed motion for extension of time to file a statement of facts. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861–62 (Tex.1982); *Commerce Indep. Sch. Dist. v. Texas Educ. Agency*, 859 S.W.2d 627, 629 (Tex.App.— Austin 1993, writ dism'd). Fetchin's motion to extend time was due by December 7, 1994; therefore, we cannot consider his motion to late-file a statement of facts.

2. Appellant argues that the district court erred as a matter of law. He contends that, by allowing Fetchin's termination, the commissioner has strayed from his previous rulings. We note, however, that these prior decisions by the commissioner are fact specific. For us to determine whether the commissioner deviated from his prior rulings, we must review the facts of this case and compare them to the facts of previous cases. Without the agency record, we cannot make such a comparison. As a result, we hold that the questions presented in Fetchin's point of error are factual in nature.

method for bringing the agency record to the Court for review. *See* APA, Tex. Gov't Code Ann. § 2001.175(d); *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency,* 900 S.W.2d 417, 419–20 (Tex.App.—Austin 1995, no writ h.); *Everett v. Texas Educ. Agency,* 860 S.W.2d 700, 702 (Tex.App.—Austin 1993, no writ); *Commerce,* 859 S.W.2d at 628–29. *But cf. Office of Pub. Util. Counsel v. Public Util. Comm'n,* 878 S.W.2d 598, 600 (Tex.1994) (holding that an appellate court can take judicial notice of *published* agency records absent a statement of facts). If no statement of facts is filed, the court may still review the agency record if the transcript contains sufficient documentation to establish an agreed or narrative statement of facts. *Texas Water Comm'n v. Lakeshore Util. Co.,* 865 S.W.2d 615, 616–17 (Tex.App.—Austin 1993, no writ).

■ In this case, Fetchin did not file a timely statement of facts. He did file a transcript; however, it does not contain information necessary to establish an agreed or narrative statement of facts. *See id.* In *Lakeshore* we noted that, for an agreed or narrative statement of facts to exist, the transcript should reflect "that the agency record was offered and admitted into evidence." *Id.* at 617. The transcript in the instant case contains nothing to suggest that the administrative record was offered or admitted in evidence; therefore, the transcript cannot serve as an agreed or narrative statement of facts.

■ Although this Court has consistently held that a statement of facts is the only means of bringing an agency record before this Court for review under the APA, we have not been unanimous. *See Commerce,* 859 S.W.2d at 629 (Powers, J., dissenting). Additionally, the supreme court has limited our holding that a statement of facts is the exclusive method of transmitting an agency record to the court of appeals. *Office of Pub. Util. Counsel v. Public Util. Comm'n,* 859 S.W.2d 71, 72 (Tex.App.—Austin 1993), *rev'd,* 878 S.W.2d 598 (Tex.1994). In *Office of Public Utility Counsel,* the supreme court held that the court of appeals must take judicial notice of a published agency order when requested to do so by a party that supplies the necessary information. 878 S.W.2d at 600. In this case, however, there is no published agency order from the commissioner of education. Thus, we cannot review the agency record by taking judicial notice of it.

The supreme court has also held that a review of an agency record may not be necessary to resolve all challenges to agency decisions. *Id.* The appellate court may address "issues, such as those involving legal error," without a statement of facts. *Id.* Fetchin's point of error, however, is not purely legal in nature. The trial court found that the commissioner's decision was "reasonably supported by substantial evidence" based upon its consideration of the administrative record, briefs, and arguments of counsel. Without the administrative record, we cannot review this finding.

■ On appeal, an administrative agency's decisions "are presumed to be supported by substantial evidence." *Texas Health Facilities Comm'n. v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *see also Commerce,* 859 S.W.2d at 629 (noting that an agency's "order is presumed to be valid and legal"). The appellant has the burden of proving that such a decision is not supported by substantial evidence. *Charter Medical,* 665 S.W.2d at 453. To meet this burden, Fetchin must present to this Court "a sufficient record to show error requiring reversal." *Commerce,* 859 S.W.2d at 629. Because Fetchin failed to file a statement of facts showing that the administrative record had been offered and admitted in evidence at trial, the record is not properly before this Court and no error is shown. *Id.* As a result, we must presume that the commissioner's decision is supported by substantial evidence.

In the absence of a statement of facts and the administrative record, we overrule Fetchin's point of error and affirm the trial court's judgment.

POWERS, Justice, dissenting.

I respectfully dissent for the reasons given in my dissenting opinions in *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627, 629 (Tex.App.—

Austin 1993, writ dism'd), *Nueces Canyon Consolidated Independent School District v. Central Education Agency,* 900 S.W.2d 417, 418–19 (Tex.App.—Austin no writ h.), and *Ysleta Independent School District v. Meno,* 909 S.W.2d 544, 545–46 (Tex.App.—Austin, 1995, no writ h.).