**FORT BEND COUNTY,**
**Texas, Appellant,**

v.

**The TEXAS PARKS & WILDLIFE COMMISSION, Chuck Nash, Chairman and Tarmac Texas, Inc., d/b/a Superior Sand & Gravel Company, Appellees.**

**No. 3–90–242–CV.**

Court of Appeals of Texas,
Austin.

Nov. 6, 1991.

Louis B. Trenchard, III, Olson & Olson, Houston, for appellant.

Jim Mattox, Atty. Gen., Jennifer S. Riggs, Asst. Atty. Gen., Austin, for Texas Parks & Wildlife Comm'n.

Jimmy Alan Hall, Scanlan & Buckle, Austin, for Tarmac Texas, Inc., d/b/a Superior Sand & Gravel Co.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

This is a suit for judicial review under the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat. Ann. art. 6252–13a (Supp.1991). Because the appellant has failed to provide an adequate record on appeal, we will affirm the judgment below.

Superior Sand & Gravel Company applied to the Texas Parks and Wildlife Commission for a permit to dredge sand and gravel from a portion of the Brazos River that forms the boundary between Austin and Fort Bend Counties near the city of Simonton, Texas. The Commission held hearings on the application; Fort Bend County was granted party status to participate. Upon recommendation of the hearing examiner, the permit was issued.

The County filed suit in the district court of Travis County seeking judicial review of the Commission's decision. Superior intervened and filed a plea in abatement challenging the County's standing to maintain an administrative appeal. After a hearing, the district court granted the plea in abatement and dismissed the suit. The County now appeals the dismissal.

In its single point of error, the County contends that the district court erred in granting the plea in abatement. In support of its position the County argues that (1) evidence contained in the administrative record, including the fact that the county was granted party status at the administrative hearings, establishes its standing; (2) a showing of "special injury" is no longer required to establish standing; and (3) the district court improperly placed the burden on the County to establish standing, when the burden should have been on Superior, the movant.

■ The fact that the County was granted party status to participate in the administrative hearing does not demonstrate error in the district court's determination that the County lacks standing to appeal to district court. The requirements for standing at the agency and standing before the court are different. At the agency hearing, party status requires only the showing of a "justifiable interest." Tex.Parks and Wild.Dept., 31 Tex.Admin.Code § 51.30 (1989). As a matter of policy, the right to participate in agency proceedings is liberally construed in order to allow the agency the benefit of diverse viewpoints. *Railroad Comm'n of Texas v. Ennis Transp. Co.*, 695 S.W.2d 706 (Tex. App.1985, writ ref'd n.r.e.). In deciding the issue of standing to appeal an agency's decision under APTRA, the district court must determine whether the county is "[a] person ... who is *aggrieved* by a final decision in a contested case...." Tex.Rev. Civ.Stat.Ann. art 6252–13a, § 19(a) (Supp. 1991) (emphasis added). Therefore, standing to participate in the agency hearing does not necessarily confer standing to appeal the agency's decision in district court. *Stone v. Texas Liquor Control Board*, 417

S.W.2d 385 (Tex.1967); *Hooks v. Texas Dept. of Water Resources,* 602 S.W.2d 389, 392 (Tex.Civ.App.1980), *rev'd on other grounds,* 611 S.W.2d 417 (Tex.1981); *City of Houston v. Public Utility Comm'n of Texas,* 599 S.W.2d 687, 689 (Tex.Civ.App.), *aff'd,* 610 S.W.2d 732 (Tex.1980).

■ Whether a person is aggrieved by the agency's final decision "is generally a fact question to be decided upon the facts and circumstances of the particular case." *See Empire Gas & Fuel Co. v. Railroad Comm'n of Texas,* 94 S.W.2d 1240, 1244 (Tex.Civ.App.1936, writ ref'd) ("affected" is a fact issue); *Hooks,* 611 S.W.2d at 419 (citing *City of San Antonio v. Texas Water Comm'n,* 407 S.W.2d 752, 765 (Tex. 1966)) ("affected" and "aggrieved" are synonymous). Because the issue of standing in the district court requires fact findings with respect to whether a person is aggrieved, the district court is not limited to a review of the administrative record but may hear and weigh evidence de novo in order to determine whether the party is entitled to appeal the agency decision. *Texas Indus. Traffic League v. Railroad Comm'n of Texas,* 628 S.W.2d 187, 206 (Tex.Civ.App.), *rev'd on other grounds,* 633 S.W.2d 821 (Tex.1982). The court below held a hearing on the plea, but the appellate record contains neither a statement of facts from the hearing nor findings of fact by the trial court. Further, section 19(d)(3) of APTRA provides:

> the party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit. The review is conducted by the court sitting without a jury and is confined to the agency record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record.

Tex.Rev.Civ.Stat.Ann. art 6252–13a, § 19(d)(3) (Supp.1991). Appellant concedes that the agency record was not offered and admitted into evidence at the hearing.

■ Absent a statement of facts, we have no way to review the evidence offered at the district court's hearing in support of the plea in abatement. "When an appeal is taken without a statement of facts, all presumptions of regularity are in favor of the judgment." *Flores v. Arrieta,* 790 S.W.2d 75, 76 (Tex.App.1990, writ denied) (citing *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79, 82 (1955)). The judgment recites that the record contains no evidence in support of standing. We must assume there was evidence to support the trial court's findings and judgment. *Mays,* 281 S.W.2d at 82.

■ The parties disagree as to who had the burden of proof before the district court, and whether the burden was met. They disagree as to what evidence the trial court could and did consider and what standard of review this court should apply. Regardless of which party had the burden of proof in the district court, the burden is on the appellant to bring forward a record that demonstrates the error about which it complains. *Escontrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982); *Uvalde Const. Co. v. Joiner,* 132 Tex. 593, 126 S.W.2d 22, 24 (App.1939, opinion adopted); *Candelier v. Ringstaff,* 786 S.W.2d 41, 44 (Tex.App. 1990, writ denied); *Flores,* 790 S.W.2d 75. The appellant must provide this court with "a sufficient record ... to show error requiring reversal." Tex.R.App.P.Ann. 50(d) (Pamph.1991); *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex.1990). This was not done. In the absence of a complete record, we cannot review the trial court's ruling, but can only assume the evidence at the hearing supported the court's judgment. *Schafer v. Conner,* 813 S.W.2d 154 (Tex. 1991); *Englander v. Kennedy,* 428 S.W.2d 806 (Tex.1968); *Haynes v. McIntosh,* 776 S.W.2d 784 (Tex.App.1989, writ denied); *City of Houston,* 599 S.W.2d at 690.

Appellant's point of error is overruled. The judgment of the district court is affirmed.