IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-401-CV





BRYAN DALE HAUN AND NORMAN F. HAUN,



 APPELLANTS


vs.





SHARON M. HAUN,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 91-8990, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM



 Appellants Bryan Dale Haun and Norman F. Haun appeal from a final decree of
divorce rendered by the district court of Travis County on July 9, 1992. Appellee Sharon M.
Haun, Bryan Haun's former wife, filed a third-party claim against Norman Haun asserting that
Bryan Haun had fraudulently transferred community funds to Norman Haun. After a bench trial,
the trial court ordered that Norman Haun return the amount of $6,243.00 to the community estate. 
The trial court then awarded the amount of $4,162.00 to appellee as her separate property and the
remaining $2,081.00 to Bryan Haun as his separate property. We will affirm the trial-court
judgment.

 In one point of error, appellants complain of the judgment against Norman Haun
asserting that, by her first amended answer, counterclaim, and third-party action ("first amended
answer"), Sharon Haun admitted that the community owed a debt to Norman Haun. Appellants
argue that, having admitted a debt, she cannot claim that the transfer to Norman Haun was
fraudulent. Appellants quote Sharon Haun's pleading:



Respondent [Bryan Haun] fraudulently transferred to his father Norman F. Haun,
$15,443.40 of Respondent's retirement benefits, which were community property. 
Respondent (Bryan Haun) then filed for divorce. Included in same were monies
given to respondent (Bryan Haun) by said third party (Norman F. Haun) without
consideration and/or for less than equivalent value.



 Sharon Haun's first amended answer is not included in the transcript filed in this
cause. (1) In her brief, appellee responds that she does not admit that Norman Haun loaned money
to the community during the marriage. See generally Tex. R. App. P. 74(f) (appellate court may
accept as correct any statement of appellant not challenged by opposing party). As the parties
seeking review, appellants had the burden to present a record to show error requiring reversal. 
Tex. R. App. P. 50(d); Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); University
of Tex. at Austin v. Hinton, 822 S.W.2d 197, 202 (Tex. App.--Austin 1991, no writ). Because
the pleading on which appellants base their argument is not part of the record before this Court,
we must overrule their point of error.

 Nevertheless, even were this Court to assume that the community owed Norman
Haun a debt, we must still overrule the point of error. The quoted language states that Bryan
Haun transferred the amount of $15,443.40 to Norman Haun. After a hearing, the trial court
ordered Norman Haun to return $6,243.00 to the community estate. Arguably, the court may
have found the amount of the funds transferred exceeded the amount of any debt by $6,243.00.

 The appeal, however, is before this Court without a statement of facts. See Haun
v. Haun, No. 3-92-401-CV (Tex. App.--Austin Oct. 14, 1992, no writ) (opinion on motion to file
extension of time to file statement of facts) (not designated for publication). In the absence of a
statement of facts, this Court must presume that the evidence supports the trial-court judgment. 
Guthrie v. National Homes Corp., 394 S.W.2d 494, 495 (Tex. 1965); Fort Bend County v. Texas
Parks & Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex. App.--Austin 1991, no writ).

 In the absence of a record sufficient to show error, we overrule appellants' point
of error and affirm the final decree of divorce.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: May 5, 1993

[Do Not Publish]

1.   Although Sharon Haun pointed out this omission in her brief, appellants have neither
filed a supplemental transcript containing the first amended answer nor requested leave of
Court to do so. See Tex. R. App. P. 55(b),(c).