**492**

Barry SOLOMON, Appellant,

v.

PARKSIDE MEDICAL SERVICES
CORP., Appellee.

No. 01–93–00218–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1994.

Rehearing Denied Sept. 15, 1994.

Bennett G. Fisher, Houston, for appellant.

Molly Steele and Jane Politz Brandt, Dallas, for appellee.

Before MIRABAL, WILSON and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

The trial court overruled appellant Barry Solomon's motion to reinstate this case on the docket after the case had been dismissed for want of prosecution. In a single point of error, appellant complains that the trial court erred in overruling his motion to reinstate without an oral hearing. We affirm.

Appellant filed suit on August 9, 1990, alleging that appellee Parkside Medical Services Corp. had released confidential and privileged information to a third party without appellant's written consent.

On September 1, 1992, appellant's attorney received a notice from the trial court stating that appellant's case would be dismissed for want of prosecution. Appellant filed a sworn motion to retain and a hearing was held on September 28, 1992, after which appellant's suit was dismissed.

On October 7, 1992, appellant timely filed a sworn motion to reinstate, and requested that the motion be set on the trial court's submission docket for October 26, 1992. Appellant did not request an oral hearing. Appellee filed a response.[1] On January 19, 1993, the trial court overruled appellant's motion to reinstate without conducting an oral hearing. The trial court's order specifically states, "[t]his matter was set on the Court's submission docket for October 26, 1992."

When a movant sets a motion to reinstate on the trial court's submission

---

1. We note that the last sentence in the "conclusion" paragraph of appellee's response reads: "Accordingly, Parkside respectfully requests that this matter be set for oral hearing and that plaintiff's motion to reinstate be denied." There is no other request for oral hearing in the transcript. The blanks have not been filled in on the accompanying "Fiat" to show the date and time of any oral hearing, indicating appellee did not set the matter for oral hearing.

docket, effectively requesting the trial court to rule without conducting an oral hearing, the movant is estopped from complaining on appeal that the trial court erred in ruling on the motion to reinstate without conducting an oral hearing pursuant to TEX.R.CIV.P. 165a(3) (Vernon Supp.1994). *Kelly v. Cunningham,* 848 S.W.2d 370, 371 (Tex.App.—Houston [1st Dist.] 1993, no writ). A party may not lead a trial court into error and then complain about it on appeal. *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 835 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dismissed,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). The fact that appellee's response contained general language in the conclusion, praying for an oral hearing and denial of the motion, is immaterial when, as here, appellant filed nothing with the trial court indicating he had changed his mind and now wanted an oral hearing.

We overrule appellant's sole point of error.

We affirm the judgment.