IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-398-CV





KENNETH L. TERRELL AND JHERIE PLEASANT TERRELL,



 APPELLANTS


vs.





TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-12359, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 





PER CURIAM


 Appellants Kenneth L. Terrell and Jherie Pleasant Terrell appeal from a judgment
terminating the parent-child relationship between Nastacia Terrell and her parents, Felicia
Thompson and William Nickerson, and naming appellee Texas Department of Protective and
Regulatory Services ("TDPRS") managing conservator. See Tex. Fam. Code Ann. § 15.02 (West
Supp. 1995). The court ordered further that Nastacia was to remain with her maternal
grandmother and that TDPRS pursue the grandmother's adoption of Nastacia.

 In its original petition, TDPRS named Kenneth Terrell as Nastacia's alleged
biological father. The trial court later determined that he was neither her biological nor presumed
father. Jherie Terrell, Kenneth Terrell's wife, filed a plea of intervention in the proceeding. The
judgment ordered that she have no conservatorship rights or access to Nastacia. We will affirm
the trial-court judgment.

 Initially, we note that neither appellants' brief nor their amended brief provides
references to the transcript filed in this cause. An appellant is generally required to identify the
pleadings or orders about which he or she complains and refer to the place in the transcript at
which the document appears. Tex. R. App. P. 74(f); Milo v. Park Place Hosp., 883 S.W.2d 779,
780 (Tex. App.--Beaumont 1994, writ requested). This Court is not required to search through
the six hundred page transcript on appellants' behalf. Nevertheless, we will consider appellants'
points of error as we understand them. Furthermore, the appeal is before this Court without a
statement of facts. In the absence of a statement of facts, we must presume that the evidence
supports the trial court's judgment. Guthrie v. National Homes Corp., 394 S.W.2d 494, 495
(Tex. 1965); Fort Bend County v. Texas Parks & Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex.
App.--Austin 1991, no writ). Additionally, we do not consider any documents attached to
appellants' brief and not part of the transcript because those documents are not properly part of
the appellate record. Sewell A. Adams, 854 S.W.2d 257, 259 (Tex. App.--Houston [14th Dist.]
1993, no writ); Nuby v. Allied Bankers Life Ins. Co., 797 S.W.2d 396, 398 (Tex. App.--Austin
1990, no writ).

 In points of error ten and eleven and point four of the amended brief, (1) appellants
contend that the Travis County district court improperly asserted jurisdiction over the proceeding. 
TDPRS may bring a suit affecting the parent-child relationship that seeks termination or
conservatorship and attachment of a child "in the county in which the child is found." Tex. Fam.
Code Ann. § 17.05(a) (West Supp. 1995). After the trial court issues any necessary temporary
orders, TDPRS is to determine the court of continuing jurisdiction and, if necessary, request a
transfer. Tex. Fam. Code Ann. § 17.05(b) (West Supp. 1995) & § 17.06(a) (West 1986). The
court has jurisdiction over the suit regardless whether TDPRS correctly informed the court that
the child has not been the subject of a suit affecting the parent-child relationship and if the petition
states that no other court has continuing jurisdiction over the child. Tex. Fam. Code Ann. §
11.05(c) (West 1986).

 When TDPRS filed its original petition and sought orders for custody of Nastacia,
she resided in Travis County with the Terrells. The original petition states, "There are no court-ordered conservatorships, guardianships or relationships affecting [Nastacia]." See id. 
Nevertheless, the Terrells assert that transfer to the district court of Brown County, Nastacia's
mother's home, was proper because that court was the court with continuing jurisdiction. See
Tex. Fam. Code Ann. § 11.05(a) (West Supp. 1995).

 However, the record before this Court does not include a motion to transfer the
proceeding to Brown County or any showing that any proceeding had been filed in the district
court of Brown County. See Tex. Fam. Code Ann. § 11.05(a) (West Supp. 1995) & § 11.06(a)
(West 1986). Issues to be reviewed on appeal must have been presented to and considered by the
trial court. de Monet v. Pera, 877 S.W.2d 352, 361 (Tex. App.--Dallas 1994, no writ); Carlisle
v. Philip Morris, Inc., 805 S.W.2d 498, 518 (Tex. App.--Austin 1991, writ denied). Because the
record does not show that any party presented a motion to transfer or that the trial court ruled on
a motion, nothing is presented for review. See Tex. R. App. P. 52(a). We overrule points of
error ten, eleven, and four.

 In points of error one through four and six in the original brief and points of error
two and three in the amended brief, appellants raise numerous complaints about TDPRS's removal
of Nastacia from the Terrells' home and the naming of TDPRS as Nastacia's temporary managing
conservator. These complaints concern actions and orders rendered before rendition of the final
judgment.

 The department may take possession of a child, without a court order, after
receiving information that an immediate danger to the child's health and safety exists. Tex. Fam.
Code Ann. § 17.03(a)(4) (West 1986). TDPRS removed Nastacia from the Terrell home on
August 27, 1992, and that day filed its original petition in a suit affecting the parent child
relationship and obtained a trial-court order giving TDPRS responsibility for Nastacia's placement
and care, pending a hearing. See Tex. Fam. Code Ann. §§ 11.03(5), 17.01, .03(b), (c), (g) (West
1986). Section 17.03(c) provides that the hearing may be ex parte and proof may be by sworn
affidavit. Tex. Fam. Code Ann. § 17.03(c) (West 1986).

 The department supported its petition and request for order with the affidavit of a
TDPRS representative. See Tex. Fam. Code Ann. § 17.02(a) (West Supp. 1995). The affidavit
states, in pertinent part, that TDPRS received a referral about Nastacia on August 25, that the
referral stated that Jherie Terrell is a crack cocaine user and an alcoholic, that a police report
alleged possible sexual abuse of Nastacia by the Terrells' housekeeper, and that Kenneth Terrell
was in jail for assaulting Jherie Terrell. The affiant concluded that, based on the facts contained
in the affidavit, he believed "there is an immediate danger to the physical health or safety of the
Child and that there is no time, consistent with the physical health or safety of the Child, for an
adversary hearing."

 By written order, the trial court extended the time for a hearing three times. Each
order states that the parties agreed to the continuation of the hearing and to the extension of the
August order. In October, after a hearing at which appellants appeared, the trial court signed
temporary orders that named TDPRS temporary managing conservator. Our review of the
transcript indicates that TDPRS followed the procedures set out in chapter 17 of the Family Code. 
In the absence of a statement of facts, we presume that any evidence received at the October
hearing supports the temporary orders. See Guthrie, 394 S.W.2d at 495; Fort Bend County, 818
S.W.2d at 900.

 However, the record does not show that a "full adversary hearing" was held within
fourteen days after TDPRS removed Nastacia. Tex. Fam. Code Ann. §§ 17.03(f), .04(a) (West
Supp. 1995). The several extension orders recite that appellants agreed to the extension;
therefore, appellants may not complain of any error in not holding the hearing within the allotted
time. See Solomon v. Parkside Medical Servs. Corp., 882 S.W.2d 492, 493 (Tex. App.--Houston
[14th Dist.] 1994, writ requested). Furthermore, the rendition of a final order in this proceeding
mooted any complaint regarding the earlier, interlocutory orders. Accordingly, we overrule
appellants' points of error one through four, six, two and three.

 In point of error five in their original brief, appellants complain that trial court
erred in allowing TDPRS to raise the issue of Kenneth Terrell's paternity. In its original petition,
TDPRS asserted that Nastacia had no presumed father as defined in Family Code section 12.02,
and that Terrell was her alleged biological father. See Tex. Fam. Code Ann. § 12.02(a) (West
Supp. 1995). (2) After a hearing, the trial court concluded that Terrell was not Nastacia's presumed
father and, based on the evidence, found that he was not her biological father. Appellants assert
that a paternity test was improper because Terrell had signed a statement of paternity and was
named on the Nastacia's birth certificate as her father.

 TDPRS had authority to bring a suit to establish paternity or to disestablish
paternity of a presumed father. Tex. Fam. Code Ann. §§ 12.06(a), 13.01(a), (West Supp. 1995)
& § 17.01 (West 1986); (3) Attorney Gen. v. Lavan, 833 S.W.2d 952, 954 (Tex. 1992). The
original petition put Kenneth Terrell on notice that his paternity was at issue in the proceeding. 
See Lavan, 833 S.W.2d at 954. The transcript reflects that, regardless whether the trial court
ordered a paternity test, Terrell submitted to a test. Without a statement of facts, we cannot
review the circumstances surrounding the testing or the evidence, if any, before the trial court on
the issue of paternity. See Guthrie, 394 S.W.2d at 495; Fort Bend County, 818 S.W.2d at 900;
see also In re S.R.M., No. 01-90-00781-CV, slip op. 2 (Tex. App.--Houston [1st Dist.] Nov. 23,
1994, no writ h.). Accordingly we must overrule point of error five.

 In points of error seven, eight and nine, appellants complain of the appointment of
TDPRS as permanent managing conservator of Nastacia. Appellants address these three points
in a single argument that raises numerous issues, some of which we have already addressed. We
understand appellants to complain that the rendition of the final order was erroneous because they
were not notified of the hearing and TDPRS joined an additional party.

 In its first amended original petition, TDPRS named William Nickerson as
Nastacia's alleged biological father. A party may amend a pleading pursuant to Texas Rule of
Civil Procedure 63. See Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 940 (Tex.
1990) ("[A] party's right to amend under Rule 63 is subject only to the opposing party's right to
show surprise.") The record does not show that appellants objected to the filing of the amended
petition or that they met their burden to show surprise or prejudice. See Tex. R. App. P. 52(a).

 The final decree recites that Jherie Terrell appeared at the hearing on January 20,
1993. At this time, Kenneth Terrell was not a party to the proceeding because he was not named
as a party in the first amended petition. See Tex. R. Civ. P. 65; Johnson v. Coca-Cola Co., 727
S.W.2d 756, 758 (Tex. App.--Dallas 1987, writ ref'd n.r.e.) (amended pleading supersedes all
previous pleadings). Based on the record before this Court, we overrule points of error seven,
eight and nine.

 The judgment of the trial court is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: December 21, 1994

Do Not Publish


1. [1]  We address both the points of error asserted in appellants' brief filed on September 29,
1993, and those asserted in the amended brief filed on October 14, 1993, since appellants
apparently intended the amended brief to supplement the initial brief. Point of error one in the
amended brief is a request to correct errors in the original brief. 
2. [2]  However, section 12.02 provides, "A man is presumed to the biological father of a child
if: . . . without attempting to marry the mother, he consents in writing to be named as the child's
father on the child's birth certificate; or . . . before the child reaches the age of majority, he
receives the child into his home and openly holds out the child as his biological child." Tex. Fam.
Code Ann. § 12.02(a)(4), (5) (West Supp. 1994).
3. [3]  The current versions of sections 12.06(a) and 13.01(a) became effective September 1, 1993,
and applied to a pending paternity proceeding "without regard to whether the proceeding was
commenced before, on, or after the effective date of those sections." Act of June 16, 1993, 73rd
Leg., R.S., ch. 730, § 16(a), (b), 1993 Tex. Gen. Laws 2863, 2870.