# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00079-CV

**Kevin M. Pritts, Appellant**

**v.**

**Gail A. Pritts, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 98-113-F26, HONORABLE BOBBY L. CUMMINGS, JUDGE PRESIDING

This is an appeal from an order holding Kevin Michael Pritts ("Pritts") in contempt for failure to pay child support. He also complains that the district court dismissed as frivolous his numerous causes of action against his ex-wife. Pritts represents himself on appeal as he did for most of the proceedings below. We affirm the order of the district court.

## BACKGROUND

The parties were divorced on April 20, 1998, and Pritts was ordered to pay monthly child support for his three children. He was ordered to purchase and maintain health, dental and vision insurance for his children. He failed to do so.

## DISCUSSION

Pritts complains on appeal of the district court's ruling in connection with (1) an order finding Pritts in contempt for failure to pay child support and purchase the insurance for his children,

and (2) the dismissal of Pritts's causes of action against his ex-wife.[1]  Pritts served numerous "pleadings" on his ex-wife asserting claims against her for: (i) modification of child possession and child support, (ii) enforcement of possession and access to the children, (iii) civil damages for interference with his possessory rights, and (iv) civil damages for malicious prosecution.

***The November 6, 2000 Order of Contempt***

The order finding Pritts in contempt was signed on November 6, 2000.  Thereafter, Pritts filed a request for findings of fact and conclusions of law.  The district court filed the following pertinent findings of fact and conclusions of law:

3.  The Decree ordered Respondent [Pritts] to make child support payments . . . in the amount of $727.53 per month beginning May, 1998, and continuing on the first day of each month thereafter.

4.  The Decree further ordered the amount of child support . . . to be reduced to $602.16 per month when a condition stated in the Decree was satisfied.

5.  A condition in the Decree [the eldest child attaining majority] was satisfied and the amount of child support was reduced to $602.16 beginning September 1, 1998, and continuing on the first day of each month thereafter.

* * *

7.  [Pritts] failed to make child support payments in the manner and amounts set forth in the Decree.

8.  The amount of child support arrearages of [Pritts] through the month of March, 2000, was $8,895.22.

9.  The Decree ordered [Pritts] to purchase and maintain health, dental and vision insurance coverage for the children.

---

[1]  It is unclear whether a written order dismissing these claims was ever signed.

10. [Pritts] failed to provide health, dental and vision insurance coverage for the children in the manner set forth in the Decree and Petitioner provided such insurance coverage at a cost of $2,300.00.

* * *

12. Petitioner incurred reasonable and necessary attorney's fees in the amount of $7,500.00, and such sum is due and owing to her attorney . . . .

13. [Pritts'] failure to pay his court-ordered child support obligation was willful.

The order found Pritts in contempt, ordered him to pay the arrearage, purchase insurance, reimburse his ex-wife $2,300.00, and pay his ex-wife's attorney's fees. He was ordered confined to jail for 180 days for each violation to be served concurrently. However, confinement was suspended so long as Pritts paid the arrearage and other amounts by March 24, 2001. Nothing in the record indicates whether Pritts paid the amounts ordered by the deadline.

The reporter's record of the March 24, 2000 contempt hearing is only comprised of the district court's verbal ruling from the bench. The reporter's record does not contain the evidentiary portion of that hearing.[2] This amounts to no reporter's record at all. If no reporter's record is filed on appeal, an appellate court will presume that sufficient evidence exists to support the trial court's findings of fact and conclusions of law and the judgment based on those findings and conclusions. *Mays v. Pierce*, 281 S.W. 79, 82 (Tex. 1995); *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.); *Fort Bend County v. Texas Parks &*

---

[2] The record contains a letter from the court reporter to Pritts confirming a meeting and telephone conversation in which Pritts directed her to transcribe only those portions of the hearings containing the court's rulings.

*Wildlife Comm'n*, 818 S.W.2d 898, 900 (Tex. App.—Austin 1991, no writ) ("Absent a statement of facts, we have no way to review the evidence offered at the district court's hearing . . . . We must assume there was evidence to support the trial court's judgment and findings.").

Pritts failed to bring a full evidentiary record on appeal so that we could review the findings of fact and conclusions of law filed in support of the contempt order. We must, therefore, assume that sufficient evidence exists to support the court's order and the findings of fact and conclusions of law. We overrule Point three.

Likewise, this Court cannot review the complaints in points one and two without an adequate record of the proceedings below. Pritts complains in point one that he was denied a fair trial because the court was biased against him[3] and in point two that he was denied effective assistance of counsel. It was Pritts' burden to have an adequate record prepared and filed to allow this Court to review his complaints. We overrule points one and two.

### The June 7, 2000 Hearing & Dismissal of Pritts' Claims

The reporter's record of the July 7, 2000 hearing, held on the various claims brought by Pritts against his ex-wife, is similar to the record of the earlier hearing.[4] No evidence was apparently taken. The district court made the following ruling:

---

[3] On September 30, 1999, Pritts brought a pro se motion to "disqualify" the presiding district judge because his "impartiality is in question." Pritts subsequently filed a motion to "recuse" the presiding judge. The record does not reflect the disposition of these motions.

[4] Pritts filed several inability to pay costs affidavits over the course of the litigation. His indigency status was contested by his ex-wife, the court reporter and the district clerk. The district court sustained those contests on February 20, 2001.

and the Court, after reviewing these, and all of the files in this case—there's been several attorneys appointed that have withdrawn from you, from representing you, Mr. Pritts; you're pro se here today; and all of this [Pritts' various motions against his ex-wife] has been filed under indigency status—I find, after reviewing these, that the actions that you have filed are frivolous and malicious, and under Section 13.001 of the Civil Practice and Remedies Code, the Court is dismissing these actions.[5]

Points four, five, six, and seven argue that the district court erred in dismissing Pritts' various causes of action. These claims were found to be frivolous and filed maliciously. We review such matters on an abuse of discretion standard according the district court wide discretion.[6] Pritts failed to bring forth an adequate record to enable this Court to meaningfully review his complaints. We, therefore, assume that sufficient evidence exists to support the district court's findings and ruling. We have reviewed Pritts' pleadings and we conclude that the district court did not abuse its discretion. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001-9.012 (West Supp. 2002); Tex. R. Civ. P. 13.

***Representation and Attorney's Fees***

By point eight, Pritts complains that at the March 24, 2000 hearing he was not represented by counsel. The record reflects that he was represented by counsel at the March hearing. He also complains that "the judge changed the prior orders, awarding appellees [sic] attorney, [sic] attorney's fees." It is unclear what "change" Pritts alleges was made in the court's prior order. We will not speculate about the point Pritts urges or articulate one for him. Point eight is overruled.

---

[5] Pritts also filed a motion requesting that his brother be appointed as a private process server to facilitate easier service of Pritts' lawsuits upon his ex-wife. The court denied this request.

[6] *See GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993).

5

Pritts' complaint in point nine is that:

> when the final judgment was signed, it awarded attorney's fees and arrearages. The arrearages were never awarded by the judge and should not have been included in the final order. Also, appellant's court appointed attorney made no objection or raised any defense to the changes.

The reporter's record of the March hearing clearly and unambiguously shows that the court found that Pritts failed to pay child support in the amount of $8,895.22, and that amount was awarded in the contempt order. Point nine is overruled.

## CONCLUSION

Finding no reversible error, we affirm the order of the district court.

—

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: March 21, 2002

Do Not Publish

6