Billy James **HORTON**, Appellant,

v.

Verna Laynell **HORTON**, Appellee.

No. 09–10–00063–CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 6, 2010.

Decided March 10, 2011.

Jay M. Wright, Conroe, for appellant.

Alyssa P. Lemkuil, Houston, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This is an appeal from an order requiring appellant's employers to withhold earnings and to remit the amounts withheld to the Texas Child Support Disbursement Unit. *See* Tex. Fam. Code Ann. § 158.004 (West 2008). The children's father, Billy Horton, appeals from the trial court's September 29, 2009, order requiring that Billy's employers withhold nine hundred dollars monthly or an amount not exceeding 50 percent of Billy's disposable earnings.[1] The trial court's withholding order is based on arrearages arising under Billy's divorce decree, dated August 1968, dissolving his marriage with Verna Horton and requiring him to pay child support. The decree orders Billy to pay child support in the amount of $125 per month to support his three children, who at the time the decree was entered were minors.[2] After the trial court entered the order to withhold earnings, Billy timely perfected his appeal.

---

1. The order contains alternate amounts that vary from the nine hundred dollar figure, and the alternatives are contingent on whether Billy is paid weekly, bi-weekly, or twice monthly.

2. According to the divorce decree, Billy's children, at the time of his divorce, were two, three, and four years old.

In issue one, Billy complains the trial court's findings relating to child support have "no evidentiary basis and cannot be supported by the record."[3] In his second issue, Billy contends that the statute of repose prevents the issuance of a writ of withholding. He also contends that his Social Security benefits are exempt from execution and levy under federal law. We overrule both issues and affirm the trial court's judgment.

## Factual Background

Billy and Verna Horton divorced in August 1968. The court ordered Billy to pay child support for their three minor children. On November 5, 2008, Verna filed a verified notice of application seeking a judicial writ of withholding. See Tex. Fam. Code Ann. § 158.302 (West 2008). Verna's notice alleged that Billy owed arrearages of $78,508.76, and that the arrearages accrued from June 1968 through October 2008.

On November 10, 2008, Billy filed a verified motion to stay issuance of the writ of withholding. He alleged that the "amount of current child support listed is incorrect" and that the "amount of overdue child support (arrearages) listed is incorrect." See Tex. Fam.Code Ann. § 158.307 (West 2008). On December 29, 2008, Verna filed a motion to dismiss Billy's motion to stay. Billy then filed an answer to Verna's motion to dismiss and a first amended motion to stay. In both of these instruments, Billy argues that Verna's request asking the trial court to issue a judicial writ of withholding is barred by limitations, the doctrine of laches, and the statute of repose. Additionally, Billy asserted in both his answer and his motion that the writ of judicial withholding could not be used to execute against his Social Security benefits because these benefits are exempt.

In February 2009, the trial court conducted a hearing and asked the parties to identify the issues involved in the case. At that hearing, Billy's attorney stated that Billy had two arguments: "One, I think Social Security is not an employer under the Family Code; but mainly the statute of repose, I think, bars them from being able to execute a writ and have one issued[.]" At that point, the trial court stated that those matters involved a "matter of law, not a matter of fact." The court asked the parties to submit briefs, and it advised the parties the case would be placed on the trial court's submission docket. On September 25, 2009, the court held a second hearing. During the second hearing, Billy presented legal arguments on the same two points that he had argued at the earlier hearing.

On September 29, 2009, the court signed conflicting orders, which granted both Verna's writ of withholding and Billy's motion to stay. At that point, Verna filed a motion to correct, reform or modify the prior orders, along with a motion for new trial, and asked the trial court to vacate one of its September 29 orders, specifically the one granting Billy's motion to stay.

On December 17, 2009, the trial court granted Verna's motion to correct its prior orders and vacated its September 29 order granting Billy's request to stay the proceedings. The trial court's December 17 order confirms the trial court's other orders of September 29, including the order to issue a writ of withholding. The December 17 order also reconfirms that $78,508.76 is the amount of Billy's arrearages.

3. Nevertheless, the relief which Billy requests is that we vacate the orders and remand the case for another hearing. He does not request that we render judgment that Verna recover nothing.

## Analysis

■ Issues regarding the payment of child support, including a determination of child support arrearages, are reviewed under an abuse of discretion standard. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex.App.-Dallas 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Worford*, 801 S.W.2d at 109.

A writ for income withholding may be issued until all child support arrearages have been paid. Tex. Fam.Code Ann. § 158.102 (West 2008). A notice of application for a judicial writ of withholding may be filed by an obligee if a delinquency occurs in child support payments in an amount equal to or greater than the total support due for one month. Tex. Fam. Code Ann. § 158.301(West 2008). The notice shall state the amount of arrearages and the amount of wages that are to be withheld in accordance with a judicial writ of withholding. Tex. Fam.Code Ann. § 158.302(1).

An obligor may stay the otherwise automatic issuance of a judicial writ of withholding by filing a motion to stay disputing the amount of the arrearages. Tex. Fam. Code Ann. §§ 158.307(a), (b), 158.312, 158.313 (West 2008). The obligor must file the motion to stay not later than the tenth day after receiving the notice of application seeking a judicial writ of withholding. *Id.* The filing of a motion to stay prohibits the clerk of the court from delivering the judicial writ of withholding to the obligor's employer before a hearing is held. Tex. Fam.Code Ann. § 158.308 (West 2008). Once a motion to stay has been filed, it is then the trial court's duty to set a hearing on the motion and notify the parties of the date of the hearing. Tex. Fam.Code Ann. § 158.309(a) (West 2008). The purpose of the hearing is to decide any contest on the issue of the arrearages. *Id.* at (b), (c).

In this case, Billy filed a motion within the time period allowed by statute to contest the issuance of the judicial writ of withholding. *See* Tex. Fam.Code Ann. § 158.307(a). Billy's motion to stay disputes the amount of child support arrearages that he allegedly owed. *See id.* § 158.307(b).

■ In his first issue, Billy contends that there is no evidence to support the trial court's judgment on the amount of his arrearages. According to Billy, the trial court's judgment should be reversed and he should be granted a new trial to require Verna to produce admissible evidence on arrearages and to allow him to "assert a vigorous defense." However, the trial court conducted two hearings, during which it asked the parties to identify the disputed issues. At those two hearings, Billy identified only two defenses: his claim that the statute of repose prevented Verna from pursuing the judicial writ of withholding, and his contention that Verna could not levy on his Social Security retirement benefits. At no point did Billy indicate that the trial court needed to hear testimony to address whether he was delinquent or to address the amount of his arrearages. Billy's attorney did not object when the trial court indicated that the court considered the issues that Billy's attorney had identified to be legal issues that would be decided on the court's submission docket.

Under the circumstances, the statements made by Billy's attorney during these hearings framed the issues as legal issues for the court. Additionally, no party objected to the procedure proposed by the court to resolve the legal issues identified during the hearing. "It is an elementary principle supported by many authorities that a litigant cannot ask something of

a court and then complain that the court committed error in giving it to him. The rule, grounded in even justice and dictated by common sense, is that he is estopped." *Northeast Tex. Motor Lines, Inc. v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (1942). Because the trial court asked the parties to identify the issues to be resolved, and because Billy then failed to identify his challenge to the amount of his arrearages, he is now estopped to complain that a dispute exists regarding the amount of his arrearages. *See Berry v. Segall,* 315 S.W.3d 141, 144 (Tex.App.-El Paso 2010, no pet.) (applying the doctrine of invited error where party requested that the issue be considered a question of law for the judge's determination); *see also In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 646 (Tex.2009) (explaining that "[t]he invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal"). Under the judicial writ of withholding procedures, the obligee's application, when the amount is not contested, establishes the amount of the obligor's arrearages. *See* Tex. Fam.Code Ann. § 158.307 (providing that writ is not to issue if, by the tenth day after service, the obligor files a motion to stay). Under the circumstances, we conclude that Verna's sworn application, alleging arrearages consistent with the amount the trial court determined Billy owes in the writ it issued, sufficiently established the amount of arrearages that Billy incurred following the parties' divorce. *See Solomon v. Parkside Med. Servs. Corp.,* 882 S.W.2d 492, 493 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (regarding a complaint made on appeal about the trial court's failure to conduct an evidentiary hearing on a motion to reinstate, stating "[a] party may not lead a trial court into error and then complain about it on appeal"); *see also* Tex. Fam.Code Ann. § 158.307 (placing the burden on obligor opposed to issuance of writ of withholding to identify the issues in dispute). Because Billy led the trial court into handling the issues as legal matters, we conclude that he is now estopped from complaining that a dispute exists concerning the amount of his arrearages. We overrule issue one.

■ In his second issue, Billy contends that he is entitled to the benefits of the statute of repose in effect in November 2008 when Verna filed her application for a judicial writ. *See* Tex. Civ. Prac. & Rem. Code. Ann. § 34.001(c) (West Supp. 2010). Relying on the holding in *Burnett–Dunham v. Spurgin,* 245 S.W.3d 14 (Tex.App.-Dallas 2007, pet. denied), Billy contends that sections 31.006 and 34.001 of the Texas Civil Practice and Remedies Code operate as a statute of repose to prevent Verna from enforcing the 1968 divorce decree's child support awards. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 31.006 (West 2008), 34.001 (West Supp. 2010).

Section 31.006 of the Texas Civil Practice and Remedies Code provides a procedure to revive dormant judgments, and there is nothing in the record showing that Verna followed the procedures that apply to the revival of a judgment. See Tex. Civ. Prac. & Rem.Code Ann. § 31.006 (Revival of Dormant Judgment). Section 34.001 provides that if a writ of execution is not issued within ten years after the rendition of a judgment, the judgment is dormant and execution may not be issued on the judgment unless it is revived. Tex. Civ. Prac. & Rem.Code. Ann. § 34.001(a) (West Supp. 2010). Significantly, as this is a case arising from a judgment of child support, the Texas Legislature amended section 34.001 in 2009 to provide that it "does not apply to a judgment for child support under the Family Code." *See* Act of May 28, 2009, 81st Leg., R.S., ch. 767, § 31, 2009 Tex. Gen. Laws 1938, 1948 (current version at Tex. Civ. Prac. & Rem.

Code Ann. § 34.001 (West Supp. 2010)). Billy's attorney failed to note the amendment to section 34 in his brief, and he did not attempt to explain why the statute, as amended, allows him to avoid the child support obligation created by the parties' divorce decree. Although Billy's divorce decree was signed in 1968, the Legislature has now provided that the statute of repose "applies to each judgment for child support under the Family Code, regardless of the date on which the judgment was rendered." *See* Act of May 28, 2009, 81st Leg., R.S., ch. 767, § 50, 2009 Tex. Gen. Laws 1938, 1950.

In light of the express language contained in section 34.001, Billy's argument that section 34.001 prohibits the execution of the judicial writ issued by the trial court is meritless. We conclude that the dormancy and revival restrictions in the Civil Practice and Remedies Code do not apply to writs of judicial withholding under Chapter 158 of the Family Code. *See Taylor v. Speck*, 308 S.W.3d 81, 87 (Tex. App.-San Antonio 2010, no pet.) (holding that section 34.001 does not apply to child support judgments).

 In issue two, Billy also contends that his Social Security retirement benefits are not subject to withholding because they are exempt under federal law. Effective January 1, 1975, the federal government consented to income withholding for enforcement of child support obligations. *See* 42 U.S.C.A. § 659(a) (West Supp. 2010). Child support, when used in reference to the legal obligations of an individual to provide such support, includes arrearage amounts required to be paid under an order issued by a court for the support of a child, and includes a child who has attained the age of majority. *Id.* § 659(i)(2). Payments that are subject to process include periodic benefits or other payments under the insurance system, including Federal Old–Age Benefits. *Id.*

§ 659(h)(1)(A)(ii)(I); *see* 42 U.S.C.A. §§ 401, 402 (West Supp. 2010). Because the United States subjected Social Security retirement benefits to income withholding for the purpose of enforcing a parent's obligation to pay child support, Billy's Social Security retirement benefits are not exempt from execution, and they are subject to attachment through a writ of judicial withholding. We overrule all of the arguments Billy raises in issue two.

### Conclusion

Having overruled Billy's issues, we affirm the trial court's judgment.

AFFIRMED.