Eva Lee SNEAD, M.D., Appellant,

v.

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

No. 3–87–254–CV.

Court of Appeals of Texas, Austin.

June 29, 1988.

Egon Tausch, Bulverde, for appellant.

Jim Mattox, Atty. Gen., Dwight Martin, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant Eva Lee Snead filed an administrative appeal in the district court of Travis County complaining of an order of the Texas State Board of Medical Examiners,

cancelling her license to practice medicine. The district court rendered judgment sustaining the agency order. This Court will affirm that judgment.

Snead attacks the judgment by four points of error claiming that the judgment affirming the agency order was erroneous because (1) the agency was not empowered by the Texas Constitution to cancel her medical license; (2) the agency violated due process in "its procedures;" (3) the agency order was not supported by substantial evidence; and (4) the agency order was based on arbitrary and capricious procedures.

The threshold problem is that Snead failed to timely file a statement of facts and, as a result, the agency record is not before this Court for review. Pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(d)(3), Snead offered the agency record into evidence,[1] and the district court admitted it as Snead's exhibit number one.

Snead timely filed the transcript with the Clerk of this Court on December 21, 1987. Although the statement of facts was likewise due on the same day, Snead did not tender it for filing. Twenty-five days later, on January 15, 1988, Snead tendered the statement of facts and filed her motion to extend time for filing the statement of facts. Because Tex.R.App.P.Ann. 54(c) required Snead's motion for extension of time to have been filed not later than fifteen days after December 21, 1987, this Court was without authority to grant the motion. *See B.D. Click v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1982). Accordingly, this Court overruled Snead's motion.

■ On February 12, 1988, Snead obtained an order from the Travis County district court directing the district clerk to transmit the administrative record to this Court. On February 18, 1988, upon presentation, the Clerk of this Court filed the record. Nevertheless, the filing of the agency record fifty-nine days late is without effect in face of art. 6252–13a § 19(d)(3), Tex.R.App.P. 54(c), and *B.D. Click Co. v. Safari Driling Corp., supra.*[2]

■ Were this Court to examine the agency record, the judgment, nevertheless, would be affirmed. To perfect an administrative appeal in a contested case, one must file a motion for rehearing within fifteen days after rendition of the agency's final order. Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(e); *Vandergriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841 (Tex.1979); *Leisure Services v. Texas Catastrophe Prop.,* 712 S.W.2d 266 (Tex. App.1986, writ ref'd n.r.e.). To preserve error, the complaints in the motion for rehearing must be sufficiently definite to apprise the agency of the claimed error so as to allow the agency opportunity to cure the claimed error or to prepare to defend the order. *Burke v. Central Educ. Agency,* 725 S.W.2d 393 (Tex.App.1987, writ ref'd n.r.e.); *United Savings Assoc. of Texas v. Vandygriff,* 594 S.W.2d 163, 168 (Tex.Civ. App.1980, writ ref'd n.r.e.).

■ Snead timely filed a motion for rehearing asserting that:

Whereas, the Board Order held: "It is accordingly ordered, adjudged and decreed that the License to Practice Medicine within the State of Texas, heretofore held by Eva Lee Snead, M.D., be and the same is hereby revoked and cancelled; And,

Whereas, Eva Lee Snead, M.D. deems the Rehearing and Resolution of this

---

1. Article 6252–13a § 19(d)(3) provides in pertinent part "the party seeking judicial review shall offer and the reviewing court will admit, the agency record into evidence as an exhibit."

2. *Purolator Armored v. Railroad Com'n of Texas,* 662 S.W.2d 700 (Tex.App.1983, no writ) is not authority for filing the agency record in this appeal in that *Purolator* was decided upon facts arising before the Legislature amended § 19(d) spelling out the procedure for bringing the agency record before the reviewing courts.

The majority in *Southern Union Gas v. Railroad Com'n of Texas,* 701 S.W.2d 277, 281 (Tex.App. 1985, writ ref'd n.r.e.) did not refer to § 19(d)(3) and thereby ignored the fact that *Purolator* was decided upon facts arising before the amendment of § 19(d).

Because the Legislature in § 19(d)(3) has prescribed the procedure for bringing forward the administrative record to the reviewing courts, that procedure must be followed. *See Texas C.P.A. v. Council, Saida II,* 706 S.W.2d 644, 646 (Tex.1986).

matter of primary importance in that said practitioner believes that the License to Practice Medicine within the State of Texas should be Reinstated with Probated Rights to pursue said practice, said Movant Eva Lee Snead, M.D., now moves and requests a Rehearing of the said matter and order;

And,

In the event that said Practitioner's License to Practice Medicine within the State of Texas is not Reinstated during the Rehearing, said Eva Lee Snead, M.D. now provides the Texas State Board of Medical Examiners and Its Members Formal Notice for Appeal and Judicial Review of this cause and matter of Licensure in the appropriate District Court of Travis County, Texas.

WHEREFORE, PREMISES CONSIDERED, Respondent Eva Lee Snead, M.D. Prays the Honorable Texas State Board of Medical Examiners and Its Members to grant a Rehearing on the herein described matter of Licensure to Practice Medicine within the State of Texas.

It is plain that Snead made no effort in her motion for rehearing to isolate and point out any error in the agency order. Accordingly, her motion preserved nothing for review. *Burke, supra.*

Nonetheless, Snead insists that in an amended motion for rehearing, filed more than fifteen days after rendition of the final agency order, she sufficiently specified error in the order. She claims that the amended motion for rehearing is in compliance with § 16(e).

▮ It is unnecessary to examine the amended motion for rehearing because its filing is not in compliance with § 16(e). First, there is no provision in the Administrative Procedure and Texas Register Act permitting one to file an amended motion for rehearing. Second, if an amended motion for rehearing were permitted, § 16(e) would require that it be filed within fifteen days after rendition of the final agency order.

In the absence of demonstrated error, the agency order is presumed valid. *City*

*of San Antonio v. Texas Water Com'n,* 407 S.W.2d 752 (Tex.1966). Accordingly, the judgment is affirmed.