Commerce ISD v. TEA 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-596-CV






COMMERCE INDEPENDENT SCHOOL DISTRICT,



 APPELLANT


vs.





TEXAS EDUCATION AGENCY AND ARLENE RIDDLE,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 448,186, HONORABLE HUME COFER, JUDGE PRESIDING



 





 Appellant Commerce Independent School District ("CISD") sought judicial review
in the district court of Travis County of an order of the Texas Education Agency ("TEA")
awarding recuperative leave to Arlene Riddle, a teacher with CISD. The district court affirmed
TEA's order. We will affirm the judgment of the district court.



BACKGROUND


 Section 13.904(f) of the Education Code affords recuperative leave to a school
district employee who is physically assaulted during the performance of regular duties; CISD has
adopted this policy locally. Tex. Educ. Code Ann. § 13.904(f) (West Supp. 1993). On May 22,
1985, Riddle was monitoring student conduct in a school hallway where a female student, who
had been in a fight, was being forcibly led to the main office. When the errant girl broke away
from her initial escorts, two male students attempted to restrain her. The pugnacious girl, anxious
to return to the fray, flung the large boys aside. Each lost his balance, fell into the other and into
a third boy who, in domino fashion, knocked down Riddle and landed on top of her. Riddle
suffered back injuries that have precluded her return to the classroom.

 CISD denied Riddle's request for recuperative leave, concluding that her injuries
were not the result of a "physical assault" as contemplated by the statute. Riddle appealed the
CISD's action to TEA, which reversed the decision and ordered CISD to grant Riddle
recuperative leave. CISD sought judicial review of TEA's order. From the district court's
judgment affirming the agency decision, CISD brings two points of error, challenging the trial
court's definition of assault and attacking the factual sufficiency of the evidence to support a
finding of assault as defined by the Penal Code.



AGENCY RECORD ON APPEAL


 We do not reach the merits of appellant's points of error because CISD has failed
to bring forward the agency record for review. In seeking judicial review of an agency decision,
a party must follow the procedural requirements of the Administrative Procedure and Texas
Register Act. Tex. Rev. Civ. Stat. Ann. art. 6252-13a (West Supp. 1993) ("APTRA"). The
legislature amended APTRA section 19(d)(3) in 1983 to provide that a party seeking judicial
review, other than by trial de novo, "shall offer, and the reviewing court shall admit, the agency
record into evidence as an exhibit." See Act of May 29, 1983, 68th Leg., R.S., ch. 887, § 1,
1983 Tex. Gen. Laws 4952, 4953. Although we consider this reference to "evidence" a
procedural term of art, in that a reviewing court does not receive evidence in conducting its
substantial-evidence review of agency action unless there are allegations of procedural
irregularities, see APTRA § 19(d)(3), we presume the legislature intended to encourage the
appellate practice of forwarding the agency record to this Court as part of the statement of facts. 
See Purolator Armored, Inc. v. Railroad Comm'n, 662 S.W.2d 700, 709 (Tex. App.--Austin 1983,
no writ) (Shannon, J., dissenting); see also Bob E. Shannon & James B. Ewbank, II, The Texas
Administrative Procedure and Texas Register Act Since 1976--Selected Problems, 33 Baylor L.
Rev. 393, 448-49 (1981). APTRA section 20 provides that appeals from judgments of the district
court in administrative law cases are to be taken "in the manner provided for in civil actions
generally." Because the agency record is to be considered an exhibit admitted into evidence like
exhibits in other civil cases, the agency record should be forwarded to the appellate court as part
of the statement of facts. See 3 Texas Civil Practice § 15.2, at 322-23 (Diane M. Allen et al.
eds., 1992 ed.).

 We have previously held that an agency record is not properly presented for this
Court's review when the appellant does not timely file a statement of facts in an appeal from a suit
for judicial review of the agency order. See Snead v. Texas State Bd. of Medical Examiners, 753
S.W.2d 809, 810 (Tex. App.--Austin 1988, no writ); see also Everett v. Texas Educ. Agency, No.
3-92-290-CV, slip op. at 3 (Tex. App.--Austin August 11, 1993, n.w.h.) (holding that, even where
original administrative record is forwarded to this Court, failure to have record admitted into
evidence as exhibit before trial court prevents it from being proper part of appellate record). 
CISD faces the same impediment to its appeal. The final judgment of the trial court in this cause
was signed on October 12, 1992. The transcript and statement of facts were due to be filed with
this court sixty days later, on December 11, 1992. See Tex. R. App. P. 54(a). The transcript
and first supplemental transcript were timely filed, but not the statement of facts. A motion for
extension of time to file the statement of facts must be filed within fifteen days of the date the
record is due. Tex. R. App. P. 54(c). On January 22, 1993, forty-two days after it was due,
CISD moved to file the statement of facts. We overruled the motion, as we have no authority to
consider a late-filed statement of facts. See B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d
860, 861-62 (Tex. 1982). (1)

 On January 22, 1993, CISD obtained a district-court order directing the district
clerk to transmit the original administrative record to this court. We note that the district judge
who signed the order was not the same judge who heard this suit and that the order was signed
after the district court had lost its plenary jurisdiction in this matter. More importantly, as we
held in Snead, an untimely order to transmit the agency record is without effect. 753 S.W.2d at
810.

 CISD argues that the following language in the trial court's final judgment satisfies
the procedural requirements of section 19(d)(3): "After considering the administrative record,
pleadings, briefs, and oral arguments, the District Court concludes that the June 1, 1988 Order
of the Commissioner of Education should be affirmed." This language does not sufficiently prove
that the agency record was offered and admitted into evidence, as would a statement of facts. Nor
does such language in the judgment constitute a mechanism for forwarding the agency record to
the appellate court in the absence of a timely filed statement of facts.

 TEA's order is presumed to be valid and legal. See Texas Health Facilities
Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); City of San Antonio
v. Texas Water Comm'n, 407 S.W.2d 752 (Tex. 1966). As the appellant, CISD has the burden
of presenting to this Court a sufficient record to show error requiring reversal. See Tex. R. App.
P. 50(d). Because the administrative record is not properly before us, no error is shown. See
Everett, slip op. at 4; Hassell v. Board of Nurse Examiners, 695 S.W.2d 284, 285 (Tex.
App.--Austin 1985, no writ); Basin, Inc. v. Railroad Comm'n, 613 S.W.2d 800, 802 (Tex. Civ.
App.--Austin 1981, no writ); see also Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex.
1987); Fort Bend County v. Texas Parks & Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex.
App.--Austin 1991, no writ).

 Accordingly, in the absence of any record from which we can determine the merits
of CISD's appeal, we affirm the judgment of the district court without reaching CISD's points of
error.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 11, 1993

[Publish]

1. [1]  Apparently on its own motion, without written request from either party, the trial court
filed conclusions of law in this cause on December 4, 1992. CISD argues that this action
extended the time for filing the statement of facts by an additional sixty days. See Tex. R.
App. P. 54(a). We reject this argument; rule 54(a) allows for an additional sixty days when a
party has timely filed a request for findings of fact and conclusions of law. Given CISD's
failure to file such a timely request, see Tex. R. Civ. P. 296, the judge's sua sponte filing of
conclusions of law did not extend CISD's deadline for filing the transcript and statement of
facts with this Court.