OPUC - final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-518-CV





OFFICE OF PUBLIC UTILITY COUNSEL,



 
 APPELLANT


vs.





PUBLIC UTILITY COMMISSION OF TEXAS AND 


HOUSTON LIGHTING & POWER COMPANY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 92-00038, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 This is a suit for judicial review of a Public Utility Commission of Texas (the
"Commission") final order in a rate case concerning Houston Lighting & Power Company. See
Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 19
(West Supp. 1993) ("APTRA"). Appellant Office of Public Utility Counsel ("OPUC") appeals
on two points of error from the district court's judgment affirming the Commission's final order. 
We will affirm the district court's judgment without reaching the merits of OPUC's contentions.

 On April 7, 1993, this Court overruled OPUC's untimely request to file a late
statement of facts in this cause. See Office of Pub. Util. Counsel v. Public Util. Comm'n, No. 3-92-518-CV, slip op. at 2 (Tex. App.--Austin Apr. 7, 1993) (per curiam order). As stated in the
order, although the hearing before the district court was recorded, OPUC failed to file a statement
of facts in a timely manner with this Court. The statement of facts was due on October 20, 1992. 
See Tex. R. App. P. 54(a). After that date, OPUC had fifteen days to file a request for an
extension to file the statement of facts. See Tex. R. App. P. 54(c). OPUC failed to move for an
extension until February 22, 1993, by which time this Court had no authority to consider the
motion. See id.; Wells v. Kansas Univ. Endowment Ass'n, 825 S.W.2d 483, 487 (Tex.
App.--Houston [1st Dist.] 1992, writ denied); Snead v. Texas State Bd. of Medical Examiners, 753
S.W.2d 809, 810 (Tex. App.--Austin 1988, no writ); see also Trans-Continental Properties, Ltd.
v. Taylor, 717 S.W.2d 890, 891 (Tex. 1986); B.D. Click Co. v. Safari Drilling Corp., 638
S.W.2d 860, 862 (Tex. 1982). By our April 7, 1993, order, we also refused to "file" the
administrative record as an "original exhibit." See Tex. R. App. P. 51(d); Office of Pub. Util.
Counsel, slip op. at 2-3. OPUC has moved for a rehearing on this order.

 APTRA section 19(d)(3) requires that when, as in this cause, the manner of judicial
review is other than by trial de novo, "the party seeking judicial review shall offer, and the
reviewing court shall admit, the agency record into evidence as an exhibit. The review is
conducted by the court sitting without a jury and is confined to the agency record." APTRA
§ 19(d)(3) (emphasis added). "Because the Legislature in § 19(d)(3) has prescribed the procedure
for bringing forward the administrative record to the reviewing courts, that procedure must be
followed." Snead, 753 S.W.2d 810 n.2. (1)

 Absent a statement of facts, the record on appeal fails to reflect that the
administrative record was offered and admitted as an exhibit below. See APTRA § 19(d)(3). 
Accordingly, we conclude the agency record is not properly presented for our review and overrule
OPUC's motion for rehearing of our April 7, 1993, order. See Snead, 753 S.W.2d at 810 n.2;
Southern Union Gas Co. v. Railroad Comm'n, 701 S.W.2d 277, 281 (Tex. App.--Austin 1985,
writ ref'd n.r.e.) (Shannon, C.J., concurring); see also Everett v. Texas Educ. Agency, No. 3-92-290-CV, slip op. at 2-5 (Tex. App.--Austin Aug. 11, 1993, n.w.h.); Commerce Indep. Sch. Dist.
v. Texas Educ. Agency, No. 3-92-596-CV, slip op. at 2-4 (Tex. App.--Austin Aug. 11, 1993,
n.w.h.); cf. Purolator Armored, Inc. v. Railroad Comm'n, 662 S.W.2d 700, 702 n.3 (Tex.
App.--Austin 1983, no writ). Contra Commerce Indep. Sch. Dist., slip op. at 6-11 (Powers, J.,
dissenting).

 The Commission's order is presumed valid and legal, and OPUC has the burden
to show error. See Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d
446, 453 (Tex. 1984); City of San Antonio v. Texas Water Comm'n, 407 S.W.2d 752, 758 (Tex.
1966). As appellant, OPUC has the burden to present a sufficient record on appeal to show error
requiring reversal. See Tex. R. App. P. 50(d). We conclude that absent a properly presented
administrative record, OPUC fails to meet this burden. See Fort Bend County v. Texas Parks &
Wildlife Comm'n, 818 S.W.2d 898, 900 (Tex. App.--Austin 1991, no writ); Hassell v. Board of
Nurse Examiners, 695 S.W.2d 284, 285 (Tex. App.--Austin 1985, no writ); Basin, Inc. v.
Railroad Comm'n, 613 S.W.2d 800, 802 (Tex. Civ. App.--Austin 1981, no writ).

 We therefore overrule appellant's points of error and affirm the district court's
judgment.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Kidd and B. A. Smith]

Affirmed

Filed: August 11, 1993

[Do Not Publish] Released for Publication March 29, 1995. Tex. R. App. P. 90(h).
1. [1] But see Justice Powers' dissent in Commerce Independent School District v. Texas
Education Agency, No. 3-92-596-CV (Tex. App.--Austin Aug. 11, 1993, n.w.h.).