**NUECES CANYON CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**CENTRAL EDUCATION AGENCY, Respondent.**

No. 95–0793.

Supreme Court of Texas.

Feb. 9, 1996.

Rehearing Overruled April 12, 1996.

William C. Bednar, Jr., Austin, for Petitioner.

George A. Warner, Jr., Dan Morales, Austin, for Respondent.

PER CURIAM.

In this administrative appeal, the Nueces Canyon Independent Consolidated School District challenges an order of the Commissioner of Education approving the detachment of territory from the district. The trial court admitted the administrative record into evidence and affirmed the order. The court of appeals affirmed the trial court's judgment, holding that it could not consider the administrative record and, in addition, that Nueces Canyon presented a legally irrelevant challenge to the order. *See* 900 S.W.2d 417, 419–21. We reverse on both grounds.

In 1985, two families with three school-age children filed a petition with the Edwards County Commissioners Court requesting that it issue an order detaching approximately twenty-five square miles from Nueces Canyon and annexing it to the Rocksprings Independent School District.[1] Three families with four school-age children lived on approximately 2.3 percent of the territory, with uninhabited land constituting the remainder.

After a hearing at which Nueces Canyon opposed the petition, the commissioners court issued the detachment and annexation order in December 1985. Nueces Canyon then appealed to the Commissioner of Education.[2] The school district claimed, in part,

---

1. The families filed their petition under a statute that the Legislature later repealed. *See* Act of May 6, 1983, 68th Leg., R.S., ch. 285, § 1, 1983 Tex.Gen.Laws 1380, 1386–87, *amended by* Act of May 26, 1987, 70th Leg., R.S., ch. 795, § 8, 1987 Tex.Gen.Laws 2784, 2786, *repealed by* Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex.Gen.Laws 2498, 2498. Under the current statutory structure, a party would present its petition to the boards of trustees of both affected districts. *See* Tex.Educ.Code § 13.051 (Special Pamphlet 1996).

2. Nueces Canyon appealed under a statute that the Legislature later repealed. *See* Act of May 6, 1983, 68th Leg., R.S., ch. 285, § 1, 1983 Tex. Gen.Laws 1380, 1386–87 (amended 1987) (repealed 1995). Under the new statutory structure, if the boards of trustees of the affected districts approve the petition, the appropriate commissioners court or courts must enter an order or orders redefining the boundaries of the districts. *See* Tex.Educ.Code § 13.051(i) (Special Pamphlet 1996). If both boards of trustees reject the petition, the decisions may not be appealed. *See id.* § 13.051(j). A party to the proceedings can appeal to the Commissioner of Education if

that the size of the area transferred was grossly disproportionate to the number of children living there. The Commissioner refused to hear evidence on the issue because Nueces Canyon failed to raise it in the hearing before the commissioners court. Nueces Canyon then sought judicial review of the Commissioner's decision, including his refusal to consider the excess territory evidence. *See* TEX.GOV'T CODE § 2001.176. After the agency sent the administrative record to the clerk and Nueces Canyon offered it as an exhibit, the trial court ruled that the failure to present evidence on the excess territory issue at the commissioners court should not have precluded Nueces Canyon from presenting evidence on the issue to the Commissioner. The trial court did not reverse the Commissioner, however, because it concluded that the excess territory matter was not an issue of "ultimate concern."

Nueces Canyon then appealed to the Austin Court of Appeals and timely filed a designation of material, including the administrative record, for the trial court clerk to include in the transcript on appeal. *See* TEX. R.APP.P. 51(a), (b). Nueces Canyon did not file a statement of facts, which consisted solely of the administrative record. After the clerk omitted the administrative record from the transcript, Nueces Canyon moved for leave to file a supplemental transcript in the court of appeals that contained a copy of the administrative record. *See* TEX.R.APP.P. 55(b). Nueces Canyon included in its supplemental transcript the court reporter's certification that the trial court had admitted the administrative record into evidence.

The court of appeals overruled Nueces Canyon's motion for leave to file a supplemental transcript. It then held that section 2001.175(d) of the Administrative Procedure Act mandates that an appealing party must have the administrative record transmitted from the trial court as part of a statement of facts. *See* 900 S.W.2d at 419. The Act states that "[t]he party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." *See* TEX.GOV'T CODE § 2001.175(d). It also states that "the agen-

cy shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review. The record shall be filed with the clerk of the court." *See id.* § 2001.175(b). The section is mute, though, about how a party should transmit the agency record from the trial court to the appellate court.

The court of appeals relied on an interpretation that it first articulated eight years ago. *See Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809, 810 & n. 2 (Tex. App.—Austin 1988, no writ). In *Snead,* the court concluded that the Legislature had dictated the procedure for bringing the agency record before the reviewing courts, and that a party's timely filing of a statement of facts is part of that procedure. *See id.* The court has reaffirmed its rationale several times. *See, e.g., Everett v. Texas Educ. Agency,* 860 S.W.2d 700, 702 (Tex.App.—Austin 1993, no writ); *Office of Pub. Util. Counsel v. Pub. Util. Comm'n,* 859 S.W.2d 71, 72 (Tex.App.—Austin 1993), *rev'd on other grounds,* 878 S.W.2d 598 (Tex.1994) (per curiam); *Commerce Indep. Sch. Dist. v. Texas Educ. Agency,* 859 S.W.2d 627, 628 (Tex.App.—Austin 1993, writ dism'd).

The court of appeals' reasoning has been questioned. Justice Powers, who dissented in the court of appeals in this case, maintains that the Legislature "never intended that a statement of facts should constitute the exclusive method for bringing the agency record" to the court of appeals. *Commerce,* 859 S.W.2d at 629 (Powers, J., dissenting); *see also* 900 S.W.2d at 421 (Powers, J., dissenting). In addition, another court of appeals has expressed strong disagreement with the *Snead* rationale. *See Texas Dep't of Pub. Safety v. Raffaelli,* 905 S.W.2d 773, 776 & n. 2 (Tex.App.—Texarkana 1995, no writ).

■ This Court has noted the existence of this issue but has never reached it. *See Office of Pub. Util. Counsel,* 878 S.W.2d at 599 n. 2. In that case, we held that the court of appeals erred by not considering and addressing issues that may be resolved without a statement of facts. *See id.* at 598–99. We also noted that the court of appeals cannot

one of the boards of trustees rejects the petition.

*See id.; see also id.* § 7.057 ("Appeals").

avoid its obligation to "address every issue raised and necessary to final disposition of the appeal" by elevating form over substance. *See id.* at 599.

■ Here, we agree with the court of appeals that an administrative record must be offered into evidence at the trial court in an appeal for judicial review brought under the Administrative Procedure Act. However, we disagree with its holding that the only way to transmit the administrative record from the trial court to the appellate court is by the statement of facts. In this case, the trial court acted as a reviewing court under the Administrative Procedure Act. *See* Administrative Procedure Act, TEX.GOV'T CODE §§ 2001.001–.902. As required by the Act, the agency sent the trial court a certified copy of the administrative record, and then Nueces Canyon, also in compliance with the Act, offered the administrative record into evidence. *See id.* §§ 2001.175(b), (d). In cases reviewed under the Act, the trial court sits without a jury and reviews only the administrative record. *See id.* § 2001.175(e).[3] Therefore, we hold that an appellant may bring an administrative record in an appeal governed by the Administrative Procedure Act to an appellate court as part of a statement of facts or transcript so long as a court reporter's certificate or other evidence demonstrates that the trial court admitted the record.

■ The court of appeals also held that, even though the Commissioner of Education erred by refusing to consider evidence about the excess territory included in the annexation and detachment order that Nueces Canyon did not present to the commissioners court, the error was not a proper ground for reversing the order. *See* 900 S.W.2d at 420–21. We agree with the trial court, court of appeals, and all parties that the Commissioner erred in refusing to consider the evidence

because, under the substantial evidence *de novo* standard of review, the Commissioner must conduct a full administrative hearing to decide whether substantial facts support the commissioners court's decision, regardless of whether the parties presented those facts to the commissioners court. We disagree with the court of appeals, however, that the error was not legally relevant.

The court of appeals relied on one of this Court's decisions to support its holding that the excess territory issue was immaterial. *See id.* at 420 (citing *Central Educ. Agency v. Upshur County Comm'rs Court*, 731 S.W.2d 559, 560 (Tex.1987)). In *Upshur County*, we interpreted the version of the detachment and annexation statute that applied before the Legislature amended the Education Code in 1983. *See Upshur County*, 731 S.W.2d at 560.[4] The statutory guidelines in place at that time did not state what factors the commissioners court should consider and did not mandate that the commissioners court make findings of fact about the effects of the detachment. *See* Act of June 21, 1969, 61st Leg., R.S., ch. 889, § 19.261, 1969 Tex.Gen. Laws 2735, 2882–83 (amended 1983) (amended 1987) (repealed 1995). We held that the Commissioner of Education was to conduct a substantial evidence *de novo* administrative hearing "solely for the purpose of determining whether there was fraud, bad faith, or an abuse of discretion in the decision of the county commissioners and whether their decision was supported by substantial evidence." *Id.* at 562.

■ In 1983, however, the Legislature limited the discretion of commissioners courts by establishing for the first time specific factors that a commissioners court had to consider before issuing a detachment and annexation order:

> At the hearing, the commissioners court shall consider the social, economic, and

---

**3.** The trial court may also consider "evidence of procedural irregularities alleged to have occurred before the agency that are not reflected in the record." TEX.GOV'T CODE § 2001.175(e). Neither party raised allegations of irregularities in this case.

**4.** In *Upshur County*, we interpreted two statutes that the Legislature later repealed. *See* Act of

June 21, 1969, 61st Leg., R.S., ch. 889, § 19.261, 1969 Tex.Gen.Laws 2735, 2882–83 (amended 1983) (amended 1987) (repealed 1995); Act of June 19, 1975, 64th Leg., R.S., ch. 478, § 17.96(e), 1975 Tex.Gen.Laws 1275, 1276, *repealed by* Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex.Gen.Laws 2498, 2498.

educational effects of the proposed annexation. After the conclusion of the hearing, the commissioners court shall make findings as to the social, economic, and educational effects and shall, on the basis of those findings, adopt an order

. . . .

*See* Act of May 6, 1983, 68th Leg., R.S., ch. 285, § 1, 1983 Tex.Gen.Laws 1380, 1388 (amended 1987) (repealed 1995).[5] This amendment mandated that the commissioners court, and thus the Commissioner of Education, must evaluate criteria that were not specifically required to be considered under the earlier version of the statute.[6] In this case, Nueces Canyon sought to show the Commissioner that the commissioners court had transferred an area grossly disproportionate to the number of affected children. On at least one other occasion, the Commissioner has held that a transfer of territory was an abuse of discretion based in part on the disparity between the area to be detached and the area occupied by the petitioning parties. *See* Tex.Educ.Agency, *Midland Indep. Sch. Dist. v. Ector County Comm'rs Court,* Docket No. 117–R6–683 (Dec. 29, 1987). By not admitting the evidence in this case, the Commissioner ignored facts that could have affected his substantial evidence *de novo* review. Therefore, the Commissioner committed an error of law requiring remand.

Accordingly, under Texas Rule of Appellate Procedure 170 and without hearing oral argument, the Court grants the application for writ of error, reverses the judgment of the court of appeals, and remands this cause to the Commissioner of Education.

---

**5.** The 1987 amendments designate school boards, instead of commissioners courts, as the local decisionmakers in these proceedings. *See* Tex.Educ.Code § 13.051(h) (Special Pamphlet 1996).

**6.** The 1987 amendments call for pure *de novo* review by the Commissioner of Education. *See* Tex.Educ.Code § 13.051(j) (Special Pamphlet 1996).