TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00509-CV






Arnold Anderson d/b/a Trinity Valley Oil & Equipment, Appellant



v.



Railroad Commission of Texas, and its Commissioners Carole Keeton Rylander,


Charles Matthews and Barry Williamson., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 96-04943, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 





 Appellee Railroad Commission of Texas ("Commission") entered a default
judgment against Arnold Anderson after he failed to appear at a hearing scheduled to determine
the need to plug several abandoned wells of which he was the operator. After learning of the
default order, appellant Anderson timely filed a motion for a rehearing, which the Commission
denied. Anderson sought judicial review of the Commission's refusal to reopen the hearing; the
district court affirmed the agency's decision. Anderson appeals in three points of error. We will
affirm. 


FACTUAL AND PROCEDURAL BACKGROUND

 Anderson was listed in the Commission's registry as the operator of certain oil and
gas wells in Texas. The Commission gave notice to appellant that it considered nine wells to be
in violation of certain Commission rules and provisions of the Texas Natural Resources Code. 
See Tex. Nat. Res. Code Ann. Title 3, Subtitles A, B, C (West 1993 & Supp. 1998). These
provisions require that abandoned oil and gas wells be plugged in order to promote safety and to
prevent pollution after the wells have ceased production. Id. Separate notice for each well was
sent by both regular and certified mail to the business and residential addresses Anderson had
listed on the Commission's P-5 forms. Operators of oil and gas wells are required to maintain
current addresses with the Commission on these forms. 16 Tex. Admin. Code § 3.1(a) (1997). 
Of the eighteen certified notices mailed, eight were signed by "A. Anderson," nine were signed
by an Anderson employee responsible for forwarding Anderson's mail, and one was returned
unclaimed. Eighteen notices were also sent by regular mail to the same business and residential
addresses. Each of the thirty-six notices informed appellant that a hearing would be held to
determine the extent of the violations and the sanctions to be assessed.

 Anderson did not appear for the hearing, and the Commission entered a default
order pursuant to Texas Government Code, section 2001.056 (West 1998), requiring Anderson
to plug the wells or otherwise bring the wells into compliance and to pay administrative penalties
and expenses. Anderson timely filed a motion for rehearing on the basis of lack of actual notice,
which the Commission overruled. The district court upheld the Commission's decision to deny
the request for a rehearing based on the evidence in the record.

 Anderson appeals in three points of error: (1) the trial court erred in applying the
"substantial evidence" rule to the Commission's denial of the rehearing; (2) in denying the
rehearing the Commission acted with a clear abuse of discretion, arbitrarily and capriciously, and
in violation of due process; and (3) the trial court erred in finding substantial evidence in the
record to support the Commission's decision.


DISCUSSION The standard of review of an agency decision is set out in the Texas Government
Code, section 2001.174 (West 1998). A court may reverse the agency's decision only if the
substantial rights of the appellant have been prejudiced because the agency has committed one of
the errors listed in section 2001.174(2)(A)-(F). The list includes the substantial evidence, abuse
of discretion, and arbitrary and capricious tests. See Tex. Gov't Code Ann. § 2001.174(2)(E),
(F). 

 The issue before us is whether the Commission abused its discretion in overruling
appellant's motion for rehearing. In making this determination, both parties ask us to apply the
test set out in Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939). Though neither side
offers authority for the application of Craddock to an agency proceeding, we think the Craddock
standard is appropriate to apply to agency denials of rehearings after a default order. Applying
the Craddock test to the agency context, a rehearing may be granted (1) if the failure to answer
in the first hearing was neither intentional nor the result of conscious indifference, but was due
rather to accident or mistake; (2) if the party against whom the default order is issued presents a
meritorious defense; and (3) if a rehearing will not work any injury to the agency or its mission. 
See Craddock, 133 S.W.2d at 126. 

 In the motion for rehearing, a party must support all allegations with evidence. See
Statewide Convoy Transp., Inc., v. Railroad Comm'n, 753 S.W.2d 800, 805 (Tex. App.--Austin
1988, no writ). Anderson claims that his failure to appear at the hearing was due to accident or
mistake because he did not receive actual notice. Appellant failed, however, to verify these
allegations or to attempt to prove them by evidence adduced in the Commission. Although
Anderson did include affidavits in his request for oral arguments before the Commission, they
cannot be considered part of his motion for rehearing because they were submitted after the
deadline for the motion for rehearing had passed. The APA makes no provision for amending a
motion for rehearing after the filing deadline. See Snead v. State Bd. of Med. Exam'rs, 753
S.W.2d 809, 811 (Tex. App.--Austin 1989, no writ); see also Tex. Gov't Code Ann. § 2001.146
(West 1998). 

 Without timely affidavits, Anderson presents bare unverified allegations, and we
cannot conclude that the agency abused its discretion in refusing to set aside its final order solely
on the basis of Anderson's unverified and unproven allegations. See Statewide Convoy Transp.,
Inc., 753 S.W.2d at 805.

 Were we to consider the affidavits, we would find the Commission was well within
its discretion to deny the motion for rehearing. The Commission could reasonably have
determined based on evidence in the record that Anderson's failure to answer was intentional or
the result of conscious indifference, and therefore that Anderson did not satisfy the first element
of the Craddock test. 

 The record contains substantial evidence that Anderson received notice of the
hearing. The Commission sent thirty-six notices of the pending dockets to appellant, eighteen by
certified mail, and eighteen by regular mail to the business and residential addresses listed on the
Commission's P-5 forms. We have held that the Commission is entitled to rely on the addresses
that regulated operators are required to provide. Morris v. State, 894 S.W.2d 22, 25 (Tex.
App.--Austin 1994, writ dism'd w.o.j.). Of the eighteen certified mailings, seventeen were
returned signed, eight by Anderson himself and nine by an Anderson employee responsible for
forwarding Anderson's mail. The record also indicates that appellant had actual notice of the
pendency of the hearing from a Commission staff attorney who notified Anderson of the pendency
of the hearing by telephone. 

 We find that the record contains sufficient evidence that would justify the
Commission's decision to deny the rehearing. Under the substantial evidence test, a reviewing
court looks only to see whether there is some reasonable basis in the record for the action taken
by the agency. See Railroad Comm'n v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995);
see also Tex. Gov't Code Ann. § 2001.174. The Commission could reasonably have concluded
that Anderson received actual notice of the hearing and that his failure to appear was due to
conscious indifference rather than accident or mistake. This conclusion alone provides grounds
for refusing the rehearing under the Craddock test, and we need not consider the agency's
treatment of the meritorious defense claims or injury to the appellee elements of that test. 

 Apart from claiming that he has met the Craddock test, appellant advances no
argument with respect to the agency's denial of the rehearing that would directly implicate one
of the other errors listed in APA section 2001.174, and we find no other such error. Having
found substantial evidence in the record to justify its denial of the motion for rehearing, we cannot
say that the Commission acted arbitrarily or capriciously, or that it abused its discretion, nor was
the decision in violation of any constitutional or statutory provision. See, e.g., Public Util.
Comm'n v. Gulf States Utils. Co., 809 S.W.2d 201, 211 (Tex. 1991). We overrule appellant's
three points of error. 


CONCLUSION

 We find that the Commission's decision to deny appellant's motion for rehearing
is supported by substantial evidence in the record and is not affected by any other error listed in
section 2001.174 of the Government Code. See Tex. Gov't Code Ann. § 2001.174(2). The
judgment of the district court is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith 

Affirmed

Filed: March 5, 1998

Publish



tion for rehearing, a party must support all allegations with evidence. See
Statewide Convoy Transp., Inc., v. Railroad Comm'n, 753 S.W.2d 800, 805 (Tex. App.--Austin
1988, no writ). Anderson claims that his failure to appear at the hearing was due to accident or
mistake because he did not receive actual notice. Appellant failed, however, to verify these
allegations or to attempt to prove them by evidence adduced in the Commission. Although
Anderson did include affidavits in his request for oral arguments before the Commission, they
cannot be considered part of his motion for rehearing because they were submitted after the
deadline for the motion for rehearing had passed. The APA makes no provision for amending a
motion for rehearing after the filing deadline. See Snead v. State Bd. of Med. Exam'rs, 753
S.W.2d 809, 811 (Tex. App.--Austin 1989, no writ); see also Tex. Gov't Code Ann. § 2001.146
(West 1998). 

 Without timely affidavits, Anderson presents bare unverified allegations, and we
cannot conclude that the agency abused its discretion in refusing to set aside its final order solely
on the basis of Anderson's unverified and unproven allegations. See Statewide Convoy Transp.,
Inc., 753 S.W.2d at 805.

 Were we to consider the affidavits, we would find the Commission was well within
its discretion to deny the motion for rehearing. The Commission could reasonably have
determined based on evidence in the record that Anderson's failure to answer was intentional or
the result of conscious indifference, and therefore that Anderson did not satisfy the first element
of the Craddock test. 

 The record contains substantial evidence that Anderson received notice of the
hearing. The Commission sent thirty-six notices of the pending dockets to appellant, eighteen by
certified mail, and eighteen by regular mail to the business and residential addresses listed on the
Commission's P-5 forms. We have held that the Commission is entitled to rely on the addresses
that regulated operators are required to provide. Morris v. State, 894 S.W.2d 22, 25 (Tex.
App.--Austin 1994, writ dism'd w.o.j.). Of the eighteen certified mailings, seventeen were
returned signed, eight by Anderson himself and nine by an Anderson employee responsible for
forwarding Anderson's mail. The record also indicates that appellant had actual notice of the
pendency of the hearing from a Commission staff attorney who notified Anderson of the pendency
of the hearing by telephone. 

 We find that the record contains sufficient evidence that would justify the
Commission's decision to deny the rehearing. Under the substantial evidence test, a reviewing
court looks only to see whether there is some reasonable basis in the record for the action taken
by the agency. See Railroad Comm'n v. Torch Operating Co., 912 S.W.2d 790, 792 (Tex. 1995);
see also Tex. Gov't Code Ann. § 2001.174. The Commission could reasonably have concluded
that Anderson received actual notice of the hearing and that his failure to appear was due to
conscious indifference rather than accident or mistake. This conclusion alone provides grounds
for refusing the rehearing under the Craddock test, and we need not consider the agency's
treatment of the meritorious defense claims or injury to the appellee elements of that test. 

 Apart from claiming that he has met the Craddock test, appellant advances no
argument with respect to the agency's denial of the rehearing that would directly implicate one
of the other errors listed in APA section 2001.174, and we find no